IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LATRINA COTHRON, Individually and on behalf of similarly situated individuals, | )<br>)<br>) |
| Plaintiff, | ) Case No. 1:19-cv-00382<br>)<br>) |
| v. | )<br>) |
| WHITE CASTLE SYSTEM, INC. D/B/A WHITE CASTLE and CROSS MATCH TECHNOLOGIES, INC., | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

**NOTICE OF REMOVAL OF CROSS MATCH TECHNOLOGIES, INC.**

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453, Defendant Cross Match Technologies, Inc. ("Crossmatch"), by its counsel, hereby gives notice of removal of this action from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois.

## I. FACTUAL BACKGROUND

1. On December 6, 2018, Plaintiff Latrina Cothron ("Plaintiff") filed a Class Action Complaint ("Complaint") in the Circuit Court of Cook County, Illinois, styled <u>Cothron v. White Castle Food Products, LLC et al.</u>, Case No. 2018-CH-15233. The Complaint named Crossmatch as a defendant, and was served on Crossmatch on December 21, 2018. <u>See</u> disc. <u>infra</u> at 7. A copy of all process, pleadings, and orders served upon Crossmatch with respect to this action are attached hereto as Group Exhibit 1.

2. On January 8, 2019, Plaintiff filed an Amended Class Action Complaint ("Amended Complaint") in the Circuit Court of Cook County, Illinois, styled <u>Cothron v. White Castle System, Inc. et al.</u>, Case No. 2018-CH-15233. <u>See</u> Am. Compl., Ex. 1 hereto, at <u>passim</u>. Crossmatch was served with the Amended Complaint on January 14, 2019.

3. Plaintiff also filed a Motion for Class Certification and Request for Discovery on Class Certification Issues on December 12, 2018, which was amended on January 8, 2019 ("Am. Mot. for Class Certification"). See Am. Mot. for Class Certification, Ex. 2 hereto, at passim. As of January 18, 2019, Crossmatch has not been served with the original or amended Motion for Class Certification and Request for Discovery on Class Certification Issues. Counsel for Crossmatch pulled the amended motion after reviewing the case docket.

4. Plaintiff's Amended Complaint alleges that Crossmatch and co-defendant White Castle System, Inc. ("White Castle") (collectively, Crossmatch and White Castle are referred to herein as "Defendants") have violated the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 ("BIPA") by purportedly "disregard[ing] White Castle employees' statutorily protected privacy rights and unlawfully collect[ing], stor[ing], disseminat[ing], and us[ing] employees' biometric data in violation of BIPA," among other things.[1] See Am. Compl., Ex. 1 hereto, at ¶ 11; see also, e.g., id. at ¶¶ 11-16, 42-43, 56-57.

5. Plaintiff's claims against White Castle rest upon the same factual allegations; namely, that upon hiring, White Castle requires its employees to scan their fingerprints in order "to enroll them in its DigitalPersona employee database(s)." See Am. Compl., Ex. 1 hereto, at ¶ 42. Plaintiff further alleges that White Castle "uses and has used employee software supplied by Cross Match that requires employees to use their fingerprints as a means of authentication" and that per White Castle's policy, "all White Castle employees are required to use their fingerprints to access their weekly paystubs." See id. at ¶ 43. In addition, Plaintiff alleges that she was

---

[1] Pursuant to 28 U.S.C. § 1453(b), it is not necessary for all Defendants to join this Notice of Removal.

required to scan her fingerprint "each time she accessed a White Castle computer." See id. at ¶ 56.

6. Based on these and other allegations, Plaintiff asserts claims for violation of the BIPA and negligence and seeks declaratory and injunctive relief as well as statutory damages and attorneys' fees and costs. See Am. Compl., Ex. 1 hereto, at ¶¶ 83-114 & pp. 23-24. Plaintiff seeks to bring her claims against Crossmatch on behalf of a proposed class of "[a]ll individuals working for White Castle in the State of Illinois who had their fingerprints collected, captured, received, or otherwise obtained or disclosed by any Defendant during the applicable statutory period." Id. at ¶ 73.

## II. REMOVAL IS PROPER PURSUANT TO THE CLASS ACTION FAIRNESS ACT

7. Plaintiff's claims are removable because the Class Action Fairness Act ("CAFA") provides this Court with jurisdiction. See 28 U.S.C. §§ 1332(d), 1453. CAFA extends federal jurisdiction over class actions where: (1) any member of the proposed class is a citizen of a state different from any defendant (i.e., minimal diversity exists); (2) the proposed class consists of more than 100 members; and (3) the amount in controversy is $5 million or more, aggregating all claims and exclusive of interests and costs. See 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B).[2] As shown below, each of these requirements is met. See disc. infra at 3-6.

### A. Minimal Diversity

8. Minimal diversity is established under CAFA, because Plaintiff and one or more members of the proposed class are citizens of different states from Crossmatch. See 28 U.S.C. § 1332(d)(2)(A).

---

[2] A "class action" includes any civil action filed under Federal Rule of Civil Procedure 23, or "similar State statute or rule of judicial procedure," such as 735 ILCS 5/2-801. See 28 U.S.C. § 1332(d)(1)(B); Am. Compl., Ex. 1 hereto, at ¶ 73.

3

9. According to the allegations in the Amended Complaint, Plaintiff is a citizen of Illinois and seeks to represent a class of individuals from Illinois and other states who worked "for White Castle in the State of Illinois [and] had their fingerprints collected, captured, received, or otherwise obtained or disclosed by any Defendant during the applicable statutory period." See Am. Compl., Ex. 1 hereto, at ¶¶ 23, 73.

10. Crossmatch is incorporated under the laws of the State of Delaware and has its principal place of business in Palm Beach Gardens, Florida. See Am. Compl., Ex. 1 hereto, at ¶ 25; Florida Secretary of State Record, Ex. 3 hereto. A corporation such as Crossmatch "shall be deemed to be a citizen of every [s]tate . . . by which it has been incorporated and . . . where it has its principal place of business . . . ." 28 U.S.C. §1332(c)(1). Accordingly, Crossmatch is a citizen of the States of Delaware and Florida for purposes of diversity jurisdiction and is not a citizen of the State of Illinois. See id.

11. White Castle is incorporated under the laws of the State of Ohio and has its principal place of business in Columbus, Ohio. See Am. Compl., Ex. 1 hereto, at ¶ 24; Illinois Secretary of State Record, Ex. 4 hereto. Accordingly, White Castle is a citizen of the State of Ohio for the purposes of diversity jurisdiction and is not a citizen of the State of Illinois. See id.; see also 28 U.S.C. §1332(c)(1).

12. Minimal diversity therefore exists under 28 U.S.C. §1332(d)(2)(A). See, e.g., Marconi v. Indiana Municipal Power Agency, 2015 WL 4778528, at *5 (N.D. Ill. 2015) (finding minimal diversity pursuant to CAFA where one plaintiff was a citizen of Illinois and four of the five defendants were alleged to be citizens of states other than Illinois).

### B. Number Of Class Members

13. Plaintiff purports to bring this action on behalf of "[a]ll individuals working for White Castle in the State of Illinois who had their fingerprints collected, captured, received, or

4

otherwise obtained or disclosed by any Defendant during the applicable statutory period." Am. Compl., Ex. 1 hereto, at ¶ 73. Plaintiff herself alleges that "[u]pon information and belief, White Castle employs hundreds of workers, many of whom are members of the class." See Am. Mot. for Class Certification, Ex. 2 hereto, at 7 n.2.

14. Based on these allegations, the Court can properly infer that the proposed class consists of more than 100 members, satisfying the requirement in CAFA that the proposed class consist of more than 100 members. See 28 U.S.C. § 1332(d)(5)(B).

### C. Amount In Controversy

15. The amount in controversy exceeds $5 million. See 28 U.S.C. § 1332(d)(2). For purposes of determining the amount in controversy, CAFA requires that "the claims of the individual class members shall be aggregated[.]" See 28 U.S.C. §1332(d)(6). Although Plaintiff has not alleged the amount of damages, CAFA's amount in controversy threshold is met here based on Plaintiff's allegations and the undisputed facts. See disc. infra at 5-6.

16. As noted above, Plaintiff alleges that "[u]pon information and belief, White Castle employs hundreds of workers, many of whom are members of the class." See Am. Mot. for Class Certification, Ex. 2 hereto, at 7 n.2. As to each of those "hundreds of workers," Plaintiff alleges multiple violations of the BIPA by Defendants. See, e.g., Am. Compl. Ex. 1 hereto, at ¶ 11 (alleging that each Defendant "has violated and continues to violate BIPA"); id. at ¶ 61 (alleging that Plaintiff has "continuously and repeatedly been exposed to the risks and harmful conditions" created by Defendants' alleged BIPA violations); id. at ¶ 100 (seeking statutory damages for each violation of the BIPA). Specifically, Plaintiff alleges that she and other members of the putative class had their fingerprints scanned upon hiring to enroll them in White Castle's employee database, and that she and other members of the putative class must use their fingerprints to access paystubs and White Castle computers. See id. at ¶¶ 42-43, 56.

5

Plaintiff also claims that Crossmatch violated the BIPA by failing to provide a data retention policy and by failing to obtain consent from Plaintiff and the members of the proposed class for dissemination of biometrics. See id. at ¶¶ 45-46.

17.     The BIPA provides statutory damages of $1,000 for a negligent violation and $5,000 for an intentional or reckless violation, with damages calculated "for each violation." See 740 ILCS 14/20.  Given that Plaintiff alleges: (a) Defendants purportedly violated the BIPA multiple times for Plaintiff and members of the proposed class; (b) each of those violations was reckless and subject to a $5,000 statutory fine; and (c) there are "hundreds" of individuals in the proposed class, the amount in controversy in this case will easily exceed the threshold requirement.  See, e.g., Appert v. Morgan Stanley, 673 F.3d 609, 617-18 (7th Cir. 2012) ("Morgan Stanley has provided a good-faith estimate that plausibly explains how the stakes exceed $5 million.  That is sufficient."); Bloomberg v. Service Corp. Int'l., 639 F.3d 761, 764 (7th Cir. 2011) ("Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5,000,000 . . . the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.").  Spivey v. Vertrue, 528 F.3d 982, 986 (7th Cir. 2008) (noting that for removal purposes under CAFA, defendant need only show that the recovery at the $5,000,000 jurisdictional threshold is not "legally impossible").[3]

---

[3] Plaintiff also alleges that she has suffered "monetary damages for the value of the collection and retention of her biometric data [and] by not obtaining additional compensation as a result of being denied access to material information about Defendants' policies and procedures," as well as "mental anguish," indicating that she intends to seek damages beyond the statutory damages and further demonstrating that the amount in controversy is readily met. See Am. Compl. Ex. 1 hereto, at ¶¶ 68-69; see also Appert, 673 F.3d at 617-18.

6

### III. COMPLIANCE WITH REMOVAL STATUTE

18. The Notice of Removal was properly filed in the United States District Court for the Northern District of Illinois, because the Circuit Court of Cook County, Illinois is located in this federal judicial district. See 28 U.S.C. § 1441(a); 28 U.S.C. § 93(a)(1).

19. The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. See 28 U.S.C. § 1446(a).

20. The Complaint was served on Crossmatch on or about December 21, 2018. See Aff. of Service, Ex. 1 hereto. Accordingly, this Notice of Removal is timely under 28 U.S.C. § 1446(b), as it is filed within 30 days of service of the initial pleading.

21. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Crossmatch with respect to this action are attached hereto as Group Exhibit 1.

22. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on counsel for Plaintiff and White Castle, and a copy, along with a Notice of Filing of the Notice of Removal, is being filed with the Clerk of the Circuit Court of Cook County, Illinois today.

### IV. CONCLUSION

21. Crossmatch respectfully requests that this Court exercise jurisdiction over this action and enter orders and grant relief as may be necessary to secure removal and to prevent further proceedings in this matter in the Circuit Court of Cook County, Illinois. Crossmatch further requests whatever other relief the Court deems appropriate.

Dated: January 18, 2019                         Respectfully submitted,


                                                */s/ Kathleen P. Lally*
                                                One of the Attorneys for Defendant
                                                Cross Match Technologies, Inc.

Mark S. Mester, Bar No. 6196140
Kathleen P. Lally, Bar No. 6284954
Peter A. Shaeffer, Bar No. 6313953
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone: (312) 876-7700
Facsimile: (312) 993-9767

## **CERTIFICATE OF SERVICE**

I, Kathleen P. Lally, hereby certify that I caused a copy of the foregoing NOTICE OF REMOVAL OF CROSS MATCH TECHNOLOGIES, INC. to be served on the parties listed below, by email and U.S. mail, on January 18, 2019.

| | |
|---|---|
| Ryan F. Stephen<br>Andrew C. Ficzko<br>STEPHAN ZOURAS, LLP<br>100 North Riverside Plaza<br>Suite 2150<br>Chicago, IL 60606<br>Tel: (312) 233-1550<br>Fax: (312) 233-1560<br>aficzko@stephanzouras.com<br><br>Counsel for Plaintiff and the Putative Class | Melissa A. Siebert<br>BAKER & HOSTETLER LLP<br>191 N. Wacker Drive<br>Suite 3100<br>Chicago, IL 60606<br>Tel: (312) 416-6200<br>msiebert@bakerlaw.com<br><br>Counsel for Defendant White Castle System, Inc. |

*/s/ Kathleen P. Lally*
One of the Attorneys for Defendant
Cross Match Technologies, Inc.