UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LATRINA COTHRON, individually, and on behalf of all others similarly situated, | ) ) ) ) |
| Plaintiff, | ) Case No. 1:19-CV-00382 ) |
| v. | ) Honorable John J. Tharp, Jr. ) |
| WHITE CASTLE SYSTEM, INC. d/b/a WHITE CASTLE, | ) ) ) |
| Defendant. | ) |

**JOINT STATUS REPORT PURSUANT TO**
**THIRD AMENDED GENERAL ORDER 20-0012**

**1.   PROGRESS OF DISCOVERY**

Plaintiff's position: The Parties are participating in the Mandatory Initial Discovery Pilot Program. On October 21, 2019, Plaintiff filed her Notice of Service of Responses to Mandatory Initial Discovery (Dkt. 84) and produced all documents in her possession responsive to the Pilot Program. On April 14, 2020, Defendant filed its Notice of Service of Initial Disclosures (Dkt. 106) and began producing responsive documents on a rolling basis starting on April 17, 2020, and an additional production on May 5, 2020, which Plaintiff is still in the process of reviewing to determine if all relevant documents, including applicable insurance policies, have been produced or if a meet and confer pursuant to Rule 37 is necessary.

Defendant's position: On October 21, 2019, Plaintiff filed her Notice of Service of Responses to Mandatory Initial Discovery. (Dkt. 84.) On April 14, 2020, Defendant filed its Notice of Service of Initial Disclosures. (Dkt. 106.) It is White Castle's position that, under the Amended

1

Standing Order Regarding Mandatory Initial Discovery Pilot Project, the MIDP response period is not triggered while any Rule 12(b) motion is pending. *See Northern District of Illinois, MIDP changes effective December 1, 2018, available at* https://www.ilnd.uscourts.gov/_assets/ _documents/MIDP%20Changes%20Effective%2012-1-18.pdf ("Effective December 1, 2018, the MIDP will be amended to provide that answers are due under the time periods established by Rule 12(a). Rule 12(a)(4) provides that answers need not be filed while a Rule 12 motion is pending. **As a result, answers no longer will be required -- and the MIDP response period will not be triggered -- while a motion is pending under Rule 12(b)(6) or any other provision of Rule 12**.") (emphasis added). Accordingly, no further discovery should be conducted until the Court has an opportunity to rule on its pending Motion to Dismiss.

2. **STATUS OF BRIEFING ON UNRESOLVED MOTIONS**

Plaintiff's position: On January 8, 2019, Plaintiff filed an Amended Motion for Class Certification and Request for Discovery on Certification Issues with the Circuit Court of Cook County, Illinois. On January 16, 2019, the Honorable Judge Diane J. Larsen entered and continued the Amended Motion. On January 18, 2019, Defendant removed the case to this Court. On April 11, 2019, Plaintiff filed her Second Amended Complaint. (Dkt. 44.) On May 9, 2019, Defendant filed a motion to dismiss Plaintiff's Second Amended Complaint. (Dkt. 47.) The motion is fully briefed and pending a ruling from this Court. (Dkt. 60, 75.)

Defendant's position: On April 11, 2019, Plaintiff filed her Second Amended Complaint. (Dkt. 44.) On May 9, 2019, Defendant filed a motion to dismiss Plaintiff's Second Amended Complaint. (Dkt. 47.) The motion is fully briefed and pending a ruling from this Court. (Dkt. 60, 75.) Defendant intends to file a Notice of Supplemental Authority this week. This is the only unresolved motion before the Court. Plaintiff's Amended Motion for Class Certification, which

was filed early to "avoid the 'buy-off' problem," was filed in Illinois state court and is not pending before this Court. (Dkt No. 1-1 at 86.)

3. **SETTLEMENT EFFORTS**

The Parties agreed to participate in a formal, full-day mediation with the Honorable Judge Stuart Palmer of JAMS in Chicago, Illinois. The mediation was scheduled for January 22, 2020. Prior to the mediation and in an effort to promote a productive mediation, the Parties agreed to establish negotiation parameters. After multiple communications, and despite their best efforts, the Parties felt they were too far apart to have a productive mediation and, therefore, decided to cancel the mediation prior to incurring additional fees and expenses. (Dkt. 103.)

4. **AGREED PROPOSED SCHEDULE FOR THE NEXT 45 DAYS**

Plaintiff's position: For the next forty-five (45) days and consistent with the Mandatory Initial Discovery Pilot Program requirements and procedures, Plaintiff intends to proceed with discovery under the Federal Rules of Civil Procedure, including issuing interrogatories, requests for production of documents and a notice for a 30(b)(6) deposition. *See* Amended Standing Order Regarding Mandatory Initial Discovery Pilot Project, December 1, 2018.

Defendant's position: The Parties have exchanged initial disclosures pursuant to the MIDP, and White Castle has produced documents referenced therein. It is White Castle's position that, under the Amended Standing Order Regarding Mandatory Initial Discovery Pilot Project, the MIDP response period is not triggered while any Rule 12(b) motion is pending. *See Northern District of Illinois, MIDP changes effective December 1, 2018, available at* https://www.ilnd.uscourts.gov/_assets/ _documents/MIDP%20Changes%20Effective%2012-1-18.pdf ("Effective December 1, 2018, the MIDP will be amended to provide that answers are due under the time periods established by Rule 12(a). Rule 12(a)(4) provides that answers need not be

filed while a Rule 12 motion is pending. **As a result, answers no longer will be required -- and the MIDP response period will not be triggered -- while a motion is pending under Rule 12(b)(6) or any other provision of Rule 12**.") (emphasis added). Accordingly, no further discovery should be conducted until the Court has an opportunity to rule on its pending Motion to Dismiss. White Castle's Illinois operations remain focused on navigating operational challenges related to the COVID-19 pandemic in compliance with governmental orders, and White Castle remains focused on the health and safety of its employees and customers at this crucial time.

5. **AGREED PROPOSED REVISED DISCOVERY AND DISPOSITIVE MOTION SCHEDULE**

A discovery and dispositive motion schedule have not been entered in this case. It is Plaintiff's position that discovery should proceed forward consistent with the Mandatory Initial Discovery Pilot Program and the Federal Rules of Civil Procedure. Defendant takes the position it set forth in response to Items 1 and 4.

6. **REQUEST FOR AGREED ACTION BY THE COURT**

The Parties agree the Court can consider White Castle's pending Motion to Dismiss without a hearing. However, the Parties are willing to schedule a telephonic hearing to present argument regarding the Motion to Dismiss if the Court would find argument helpful.

7. **TELEPHONIC HEARING**

*See*, the Parties' response to Para. 6 *supra*.

Dated: May 18, 2020

| Attorneys for Plaintiff | Attorneys for Defendant |
|---|---|
| */s/ Andrew C. Ficzko* | /s/ *Benjamin Sedrish* |
| Ryan F. Stephan | Melissa A. Siebert |
| James B. Zouras | Benjamin Sedrish |

4

| | |
|---|---|
| Andrew C. Ficzko<br>**STEPHAN ZOURAS, LLP**<br>100 N. Riverside Plaza, Suite 2150<br>Chicago, Illinois 60606<br>312.233.1550<br>312.233.1560 *f*<br>rstephan@stephanzouras.com<br>jzouras@stephanzouras.com<br>aficzko@stephanzouras.com | **Shook, Hardy & Bacon, LLP**<br>111 South Wacker Drive, Suite 4700<br>Chicago, Illinois 60606<br>312.704-7700<br>masiebert@shb.com<br>bsedrish@shb.com |

## **CERTIFICATE OF SERVICE**

I, the attorney, hereby certify that on May 18, 2020, I filed the attached with the Clerk of the Court using the ECF system, which will send such filing to all attorneys of record.

                                                                                                                     */s/ Andrew C. Ficzko*