IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LATRINA COTHRON, individually and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | Case No. 1:19-cv-00382 |
| v. ) ) | Hon. John J. Tharp Jr. |
| WHITE CASTLE SYSTEM, INC. d/b/a WHITE CASTLE, ) ) ) | |
| Defendant. ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S SUPPLEMENTAL AUTHORITY**

Plaintiff Latrina Cothron ("Plaintiff") responds to Defendant's Supplemental Authority (Dkt. 109) as follows:

**I.     INTRODUCTION**

On May 9, 2019, Defendant filed a motion to dismiss Plaintiff's Second Amended Complaint arguing, among other things, that Plaintiff failed to plead negligence, recklessness, or intent; she failed to allege a disclosure of her biometric data under Section 15(d); and, her claims are preempted by the exclusive remedy provision of the Illinois Workers' Compensation Act ("IWCA"). (Dkt. 47.) The motion is fully briefed and pending a ruling from this Court. (Dkt. 60, 75.) Defendant now submits several federal and state court decisions which, in its view, are "persuasive or helpful" and require dismissal. Defendant is mistaken, and its cited cases carry limited weight when read in conjunction with the numerous well-reasoned recent BIPA decisions issued under indistinguishable settings, all of which support the conclusion that dismissal is unwarranted.

1

### A. Plaintiff's Allegations Are More Than Sufficient To Support Her Request For Liquidated Damages

Defendant suggests Plaintiff "failed to adequately allege intentional or reckless BIPA violations." (Dkt. 109 at 2.) Not so. As numerous state and federal courts have held, the terms "negligence," "reckless," and "intentional" are not elements of a BIPA cause of action or a necessary aspect of Plaintiff's complaint. Rather, these mental states merely dictate the measure of damages to be awarded should she ultimately prove that BIPA violations occurred and Plaintiff is deemed the prevailing party. 740 ILCS 14/20; *see also Woodard v. Dylan's Candybar LLC,* No. 19-CH-05158, slip op. at 7 (Ill. Cir. Nov. 20, 2019) ("[T]he use of the terms 'negligent,' 'intentional,' and 'reckless,' are standards of culpability for determining damages. The Illinois Supreme Court has made it clear that a plaintiff need not plead facts or elements showing negligence, or recklessness or intentional acts in violation of BIPA to be entitled to seek … liquidated damages …."). As Judge Feinerman recently held, "[i]t is unnecessary to decide whether the complaint alleges facts sufficient to raise an inference of recklessness. BIPA provides that recklessness offers a basis for greater liquidated damages, not for a separate claim." *Figueroa v. Kronos*, 2020 WL 1848206, at *8 (N.D. Ill. April 13, 2020). Furthermore, "Federal Rule of Civil Procedure 9(b) … says that intent, knowledge, and other conditions of a person's mind 'may be alleged generally,' … ." *Rogers v. BNSF Ry. Co.*, 2019 WL 5365180, at *5 (N.D. Ill. Oct. 31, 2019). The court went on to hold, "[a]s [plaintiff] points out, the BIPA took effect more than ten years ago, and if the allegations of his complaint are true—as the Court must assume at this stage—[defendant] has made no effort to comply with its requirements. This is certainly enough, at the

2

pleading stage, to make a claim of negligence or recklessness plausible." *Id.*; *Neals v. PAR Tech. Corp.*, 419 F.Supp.3d 1088, 1092-93 (N.D. Ill. 2019) (same).[1]

Defendant's reliance on *Namuwonge v. Kronos, Inc.,* 418 F.Supp.3d 279 (N.D. Ill. Nov. 22, 2019) and *Rogers v. CSX Intermodal Terminals, Inc.*, 2019 WL 4201570 (N.D. Ill. Sept. 5, 2019) is misplaced. Respectfully, to the extent these decisions suggest that a reckless state of mind gives rise to a separate claim, they are incorrect. *Figueroa*, 2020 WL 1848206, at *8 (holding that reckless conduct under BIPA "offers a basis for greater liquidated damages, not for a separate claim.") (citing 740 ILCS 14/20(2)). Given the wealth of federal and state authority reaching a different conclusion, *Namuwonge* and *Rogers* are clearly outliers with limited persuasive value.

### B. Plaintiff Has Adequately Alleged That Defendant Failed To Comply With 740 ILCS 14/15(d)

Defendant next claims that "Plaintiff's BIPA Section 15(d) assertions are deficient first because they plead, 'upon information and belief," that White Castle discloses purported biometrics to CrossMatch, Digital Persona, and 'other, currently unknown third parties which host the biometric data in their data centers.'" (Dkt. 109 at 2) (citation omitted). Defendant further touts

---

[1] Other trial courts are in agreement. *See Bryski v. Nemera,* No. 2018-CH-07264 (Cir Ct. Cook Cty. Jan. 8, 2020); *Chatman v. Crate & Barrel*, NO. 2018-CH-09277 (Cir. Ct. Cook Cty. Feb. 18, 2020); *Figueroa v. Tony's Fresh*, No. 2018-CH-15728 (Cir. Ct. Cook Cty. Dec. 10, 2019); *Fluker v. Glanbia Performance Nutrition,* No. 2017-CH-12993 (Cir. Ct. Cook Cty. July 11, 2019); *Fuentes v. Focal Point*, No. 2019-CH-03890 (Cir. Ct. Cook Cty. Nov. 13, 2019); *Mims v. Freedman Seating Co.*, No. 2018-CH-09806 (Cir. Ct. Cook Cty. Aug. 22, 2019); *Morris v. Wow Bao*, No. 2017-CH-12029 (Cir. Ct. Cook Cty. Dec. 19, 2019); *Peaks-Smith v. St. Anthony's Hosp.*, No. 2018-CH-07077 (Cir. Ct. Cook Cty. Jan. 7, 2020); *Railey v. Sunset Food Mart,* No. 2019-CH-02122 (Cir. Ct. Cook Cty. Sept. 30, 2019); *Slater v. H&M,* No. 2018-CH-16030 (Cir. Ct. Cook Cty. Nov. 4, 2019); *Soltysik v. Parsec, Inc.*, No. 2019-L-136 (Cir. Ct. DuPage Cty. Oct. 17, 2019); *Thurman v. Northshore,* No. 2018-CH-03544 (Cir. Ct. Cook Cty. Dec. 12, 2019); *White v. Hegewisch Dev. Corp., et al.,* No. 2018-CH-09599 (Cir. Ct. Cook Cty. April 17, 2020); *Woodard v. Dylan's Candybar LLC,* No. 2019-CH-05158 (Cir. Ct. Cook Cty. Nov. 20, 2019).

a non-existent legal principle, namely that "[a]llegations of Section 15(d) disclosures made on information and belief are not sufficient to state a claim." *Id.* at 3.

At the pleading stage, before any discovery has taken place, Plaintiff's allegation that she "suffered an injury in fact because White Castle improperly disseminated her biometric identifiers and biometric information to third parties, including Cross Match and DigitalPersona, and others that hosted the biometric data in their data centers" is more than sufficient. *See* Sec. Am. Compl. at ¶ 55.[2] As numerous courts have held, plaintiff's allegations that Defendant disclosed her biometric data to two known third parties specifically identified by name, far surpasses what is required to properly allege a Section 15(d) violation. Indeed, Plaintiff's identification of the third-party recipients in her complaint is more than what Judge Feinerman recently held was sufficient at the pleading stage: "The complaint alleges that [defendant] disseminated Plaintiffs' biometric data to other firms that hosted information in their data centers, and it does not suggest that any of the circumstances set forth in subsections (d)(1)-(4) permitted that dissemination. That is a textbook violation of § 15(d)." *Figueroa*, 2020 WL 1848206, at *7. The Court's holding is also consistent with Judge Kennelly's decision in *Dixon v. Wash. & Jane Smith Comm. – Beverly*, 2018 WL 2445292, at *11 (N.D. Ill. May 31, 2018), in which he ruled that the plaintiff's allegations that third-party vendor Kronos, Inc. obtained her biometric data from her employer without her

---

[2] Defendant states that "shortly before Plaintiff voluntarily dismissed her claims against Cross Match, Cross Match noted in its Motion to Dismiss papers that 'there is no … data transfer' of biometric information 'from White Castle to Cross Match,' further undercutting Plaintiff's 'rank speculation.'" (Dkt. 109 at 3.) It should go without saying, but a statement made by an attorney in a motion to dismiss – particularly one with no evidentiary support – is not a basis for dismissal.

4

knowledge or consent clearly stated a Section 15(d) claim against both Kronos, Inc. and her employer.[3] This is exactly what Plaintiff has pled here.

Defendant mischaracterizes the ruling in *Heard v. Becton Dickinson & Co.*, 2020 WL 887460 (N.D. Ill. Feb. 24, 2020). The Court did not hold that pleading upon information and belief is impermissible; it simply reaffirmed that pleading in this manner was inappropriate where the plaintiff failed to sufficiently allege that the defendant had exclusive possession of the facts necessary to state a claim. *Heard*, 2020 WL 887460, at *6 (quoting *Arista Records, LLC v. Doe 3,* 604 F.3d 110, 120 (2d Cir. 2010), "[t]he *Twombly* plausibility standard … does not prevent a plaintiff from pleading facts alleged upon information and belief where the facts are peculiarly within the possession and control of the defendant."). This is not the case here where unlike *Heard*, Plaintiff specifically identifies the third parties to whom Defendant disclosed her biometric data.

In its motion to dismiss, Defendant urges the Court to adopt its strained and unsupported interpretation of BIPA's statutory language. Specifically, Defendant contends that "Section 15(d) also contains no language requiring that consent to disclosure precede possession …." (Dkt. 48 at 13.) In the alternative, Defendant argues that "Plaintiff has not alleged a 'disclosure' of biometric data under Section 15(d), where she alleges that White Castle 'disseminates' the data to unidentified 'others' for storage." *Id*. In support, Defendant points to Section 14/15(e), which imposes a data security requirement on collectors: an entity in possession of biometric data must "store, transmit, and protect from disclosure all biometric identifiers and biometric information using reasonable standard of care within the private entity's industry." Thus, according to

---

[3] Other trial courts are also in agreement. *See Figueroa v. Tony's Fresh,* No. 2018-CH-15728 (Cir. Ct. Cook Cty. Dec. 10, 2019); *Heard, et al. v. THC – Northshore, et al.,* No. 2017-CH-16918 (Cir. Ct. Cook Cty., Dec. 12, 2019; *Thurman v. Northshore,* No. 2018-CH-03544 (Cir. Ct. Cook Cty. Dec. 12, 2019).

Defendant, Section 14/15(e) somehow authorizes it to "transmit" information as long as it follows what it unilaterally deems is a reasonable standard of care, and there is no consent requirement. But nothing in *Heard* nor the explicit text of BIPA supports the idea that entities have a blank check to "transmit" information to anyone they wish as long as they follow some undefined notion of reasonable data security.

Defendant's reliance on *Namuwonge* serves it no better. The *Namuwonge* court held that, to state a claim under Section 15(d), a plaintiff must provide enough details to give defendant fair notice of what the claim is and the grounds upon which it rests. As the *Figueroa* court held, where the complaint alleges that defendant disseminated plaintiff's biometric data to other firms that hosted the information, and does not suggest that any of the circumstances set forth in subsections (d)(1)-(4) permitted that dissemination, "that is a textbook violation of § 15(d)." *Figueroa*, 2020 WL 1848206, at *7. Thus, Plaintiff clearly alleges dissemination to third parties, including Cross Match and DigitalPersona. *See* Sec. Am. Compl. ¶¶ 31, 55, 57, 96. Thus, Plaintiff clearly has pled a dissemination of her biometric data.

### C. Plaintiff's Injury Is Not Compensable And Thus Not Preempted By The IWCA

Defendant's reliance on the pending *McDonald v. Symphony Bronzville Park, LLC*, No. 1-19-2398 (Ill. Ct. App. Dec. 19, 2019)[4] appeal and *Marion v. Ring Container Techs.,* No. 2019 L

---

[4] Unlike the plaintiff in *McDonald*, Plaintiff here has not alleged mental injury or anguish – injuries that exclusively fall within the purview of the IWCA. *See McDonald v. Symphony Bronzeville Park, LLC*, No. 2017-CH-11311 (Cir. Ct. Cook Cty. Oct. 29, 2019) (Mitchell, J.). The *McDonald* plaintiff alleged that she suffered fear of improper disclosure of her biometric information, mental anguish, and mental injury, and the defendant argued that the IWCA preempts BIPA because psychological injuries are compensable. *Id*. at *3. That is simply not the case in the present matter, where Plaintiff has never claimed mental anguish or injury. *See* Sec. Am. Compl. ¶ 58.

6

000089 (Ill. Cir. Ct. Kankakee Cty., April. 17, 2020)[5] is puzzling. Defendant claims that since two lower courts have certified questions for appellate review regarding the IWCA's exclusivity provision and whether it exempts BIPA claims, this is somehow grounds for dismissal. Defendant further notes that "[s]uch permissive appeals are only to be granted where there is a 'question of law as to which there is a substantial ground for difference of opinion.'" (Dkt. 109 at 4) (citing Ill. S. Ct. Rule 308). However, as two federal courts recently held, it is unlikely that the Illinois Appellate Court or the Supreme Court for that matter, will find differently and reverse the lower court. *Treadwell v. Power Solutions International, Inc.*, 427 F.Supp.3d 984, 993 (N.D. Ill. Dec. 16, 2019) (noting "the Court believes it likely the Illinois Supreme Court would find [plaintiff's] injuries are not the 'type of injury [that] categorically fits within the purview of the Act' and are thus not 'compensable.'" (citing *Folta v. Ferro Eng'g*, 2015 IL 118070, ¶ 23 (2015)); *Mintun v. Kenco Logistics Servs. LLC*, No. 19-2348, 2020 WL 1700328, at *2 (C.D. Ill. Apr. 7, 2020) (slip op.) (finding that "the Illinois appellate courts will likely agree with the analysis of the [] lower courts").[6]

It's not a close call. **Every** trial court to have considered the question has **unanimously** held that the IWCA only preempts claims for a "compensable injury" under the IWCA, limited to physical injuries and emotional distress arising out of such injuries, or a psychological injury stemming from a definite time and place. *Treadwell*, 427 F.Supp.3d 984*; Mintun*, 2020 WL 1700328; *Robertson v. Hostmark Hospitality Group, Inc.,* No. 18-CH-5194 (Cir. Ct. Cook Cty.

---

[5] As Defendant correctly pointed out, the Illinois Appellate Court Third District has not even granted the Application for Appeal yet, if it ever will. (Dkt. 109 at 4.)

[6] Appellate decisions regarding BIPA have also affirmed the reasoning and findings of the trial courts. *See, e.g.*, *Rosenbach v. Six Flags Entm't Corp.*, 2019 IL 123186; *Liu v. Four Seasons Hotel, Ltd.*, 2019 IL App (1st) 182645. In that light, it is extremely unlikely that the appellate court will reverse the Circuit Court to find that the IWCA preempts BIPA.

July 31, 2019); *Soltysik v. Parsec, Inc.,* No. 19-L-136 (Cir. Ct. DuPage Cty, Oct. 17, 2019); *Woodard v. Dylan's Candybar LLC*, No. 19-CH-05158 (Cir. Ct. Cook Cty. Nov. 20, 2019); *McDonald v. Symphony Bronzeville Park LLC, et al.*, No. 17-CH-11311 (Cir. Ct. Cook Cty. June 17, 2019 (later certifying issue for interlocutory appeal); *Fluker v. Glanbia Performance Nutrition, Inc.*, No. 17-CH-12993 (Cir. Ct. Cook Cty. July 11, 2019); *Mims v. Freedom Seating Company,* No. 18-CH-9806 (Cir. Ct. Cook Cty. Aug. 22, 2019); *Hughes v. Mayfield Care Center*, No. 18-CH-13122 (Cir. Ct. Cook Cty. Oct. 24, 2019); *Graziano v. Royal Die and Stamping, LLC,* No. 19-L-00169 (Cir. Ct. DuPage Cty. Sept. 26, 2019); *Carrasco v. Freudenberg Household Prods., LP,* No. 19-L-279 (Cir. Ct. Kane Cty. Nov. 15, 2019); *Ross v. Caramel, Inc.*, No. 19-L-000010 (Cir. Ct. Kankakee Cty. July 29, 2019); *Fuentes v. Focal Point Exports*, No. 19-CH-03890 (Cir. Ct. Cook Cty. Nov. 13, 2019); *Peaks-Smith v. Saint Anthony Hospital*, No. 18-CH-07077 (Cir. Ct. Cook Cty. Jan. 7, 2020).[7]

## II.     CONCLUSION

For the reasons stated above as well as in Plaintiff's Opposition, this Court should deny Defendant's motion to dismiss.

Dated: May 29, 2020                                         Respectfully submitted,

                                                           */s/ Andrew C. Ficzko*

                                                           Ryan F. Stephan
                                                           James B. Zouras
                                                           Andrew C. Ficzko
                                                           **Stephan Zouras, LLP**
                                                           100 North Riverside Plaza, Suite 2150
                                                           Chicago, Illinois 60606
                                                           312-233-1550
                                                           312-233-1560 *f*

---

[7] In fact, 11 judges in at least 14 different cases, have unanimously rejected defendants' argument that BIPA claims are barred by the IWCA.

8

                rstephan@stephanzouras.com
                jzouras@stephanzouras.com
                aficzko@stephanzouras.com

**ATTORNEYS FOR THE PLAINTIFF**

## **CERTIFICATE OF SERVICE**

I, the attorney, hereby certify that on May 29, 2020, I filed the attached with the Clerk of the Court using the ECF system, which will send such filing to all attorneys of record.

                                                  */s/ Andrew C. Ficzko*