# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LATRINA COTHRON, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| WHITE CASTLE SYSTEM, INC. d/b/a WHITE CASTLE, | ) ) ) ) |
| Defendant. | ) ) |

Case No. 1:19-CV-00382

Honorable John J. Tharp, Jr.

**DEFENDANT WHITE CASTLE SYSTEM, INC.'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS**

Melissa A. Siebert
Benjamin E. Sedrish
SHOOK, HARDY & BACON L.L.P.
111 South Wacker Drive, Suite 4700
Chicago, IL 60606
Telephone.: 312.704.7700
Facsimile: 312.558.1195
masiebert@shb.com
bsedrish@shb.com

*Attorneys for Defendant
White Castle System, Inc.*

# **TABLE OF CONTENTS**

                                                  **Page**

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION ..................................................................................................................... 1

FACTUAL AND PROCEDURAL BACKGROUND.............................................................. 2

LEGAL STANDARD................................................................................................................ 3

ARGUMENT .............................................................................................................................. 4

CONCLUSION.......................................................................................................................... 7

**TABLE OF AUTHORITIES**

**Page**

**Cases**

*Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*,
    199 Ill. 2d 325 (Ill. 2002) ............................................................................................5

*Denan v. Trans Union LLC*,
    959 F.3d 290 (7th Cir. 2020) .......................................................................................3

*Easterling v. Thurmer*,
    880 F.3d 319 (7th Cir. 2018) .......................................................................................3

*Federated Mut. Ins. Co. v. Coyle Mech. Supply, Inc.*,
    2020 WL 1323733 (S.D. Ill. Mar. 20, 2020) ...............................................................3

*Feltmeier v. Feltmeier*,
    207 Ill. 2d 263 (2003) ..................................................................................................5

*Marion v. Ring Container Techs.*,
    No. 2019 L 000089 (Cir. Ct. Kankakee Cty. Apr. 17, 2020) ......................................4

*Meegan v. NFI Indus.*,
    2020 WL 3000281 (N.D. Ill. June 4, 2020) .................................................................4

*Mohamed v. WestCare Ill., Inc.*,
    786 F. App'x 60 (7th Cir. 2019) ..................................................................................3

*Robertson v. Hostmark Hospitality Grp.*,
    No. 18-CH-05194 (Cir. Ct. Cook Cty. May 29, 2020) ............................................5, 6

*Swanson v. Baker & McKenzie, LLP*,
    527 F. App'x 572 (7th Cir. 2013) ................................................................................3

*Tims v. Black Horse Carriers*,
    No. 2019-CH-03522 (Cir. Ct. Cook Cty. Feb. 26, 2020) ............................................4

*Watson v. Legacy Healthcare Financial Services, LLC*,
    No. 2019-CH-03425 (Cir. Ct. Cook Cty. June 10, 2020) ...................................5, 6, 7

**Statutes**

735 ILCS 5/13-205 ...............................................................................................................4

**Rules**

Fed. R. Civ. P. 12(c) .............................................................................................................3

Defendant White Castle System, Inc. ("White Castle") respectfully submits this Memorandum of Law in Support of Its Motion for Judgment on the Pleadings against Plaintiff Latrina Cothron, individually and on behalf of all others similarly situated.

## **INTRODUCTION**

Plaintiff, a White Castle employee since 2004, alleges that White Castle violated the Illinois Biometric Information Privacy Act ("BIPA") by requiring her to scan her finger every time she accessed her paystubs or certain software on company computers. According to Plaintiff, when she used the finger-scan devices, her biometric data was "systematically and automatically" disclosed to third-party technology providers. She further alleges that White Castle failed to secure her prior written consent for either the collection or dissemination of her finger-scan.

Plaintiff admits she first used the finger-scan device in 2007. As this Court noted, BIPA was enacted in 2008. Plaintiff waited more than 10 years to file this lawsuit. Not only are Plaintiff's claims untimely, they are not within any arguable BIPA statute of limitations. Illinois courts have not definitively determined whether BIPA claims are subject to a one-, two-, or five-year statute of limitations, and this issue is on appeal in Illinois state courts. No plaintiff has argued for a limitations period longer than five years under the Illinois catch-all statute. There is no need for this Court to determine the applicable statute of limitations here, however, because Plaintiff's claims are well outside even the five-year period. Accordingly, the Court should enter judgment for White Castle and dismiss this case.

## FACTUAL[1] AND PROCEDURAL BACKGROUND

Plaintiff filed her Class Action Complaint in the Circuit Court of Cook County, Illinois, on December 6, 2018, and amended her complaint while it was pending in that court. *See* Dkt No. 1 at 1. On January 18, 2019, then-Defendant Cross Match Technologies, Inc.—which has since been dismissed from the case—filed a Notice of Removal to this Court. *Id.*

Plaintiff filed her Second Amended Complaint ("SAC") on April 11, 2019. In the Second Amended Complaint, Plaintiff alleges that she was hired by White Castle in 2004 and currently works there as a manger. SAC ¶ 39. "Approximately three years" into her employment with White Castle, in 2007, Plaintiff "***was required*** to scan and register her fingerprints so White Castle could use them as an authentication method for Plaintiff to access the computer as a manger and to access her paystubs as an hourly employee as a condition of employment with White Castle." *Id.* ¶ 40. Plaintiff alleges that White Castle distributed weekly paystubs using DigitalPersona, and that she and other employees were required to scan their finger to retrieve the weekly paystubs. *Id.* ¶ 2; *see also id.* ¶ 3 (White Castle employees "are required to have their fingerprints scanned by a biometric device to retrieve their paystubs."); *id.* ¶ 44 (Plaintiff "was required to scan her fingerprint each time she accessed her paystubs.").

Following BIPA's enactment in 2008, Plaintiff continued to use her finger-scan as alleged in the Second Amended Complaint. In fact, Plaintiff used her finger-scan to access pay information on September 12, 2010, *see* Ans. and Aff. Defenses ¶ 6–7, and Plaintiff has continued to scan her finger to access White Castle systems, as evidenced by her electronic signature on the BIPA consent form she signed in 2018. *See* SAC ¶ 45–46.

---

[1] White Castle has denied these allegations and asserted affirmative defenses, including that Plaintiff's claims are untimely under the statute of limitations. Dkt No. 118.

Plaintiff alleges that White Castle "fails to inform its employees that it discloses or disclosed their fingerprint data to at least two out-of-state third-party vendors: Cross Match and DigitalPersona," and "other, currently unknown, third parties, which host the biometric data in their data centers," *id.* ¶ 31, through a process that allegedly occurred "systematically and automatically." *Id.* ¶ 96.

According to Plaintiff, she has suffered several injuries, including an informational injury, "because White Castle failed to provide her with information to which she was entitled by statute." *Id.* ¶ 54. She also contends that she lost the benefit of her biometric information, which is "economically valuable, and such value will increase as the commercialization of biometrics continues to grow." *Id.* ¶ 53.

White Castle filed a Motion to Dismiss the Second Amended Complaint on May 9, 2019. Dkt No. 47. On June 16, 2020, the Court issued a Memorandum Opinion and Order dismissing Plaintiff's Section 15(a) claim, but denying White Castle's Motion to Dismiss Plaintiff's claims under Sections 15(b) and 15(d). White Castle filed its Answer on June 30, 2020. Dkt No. 118. This Motion is directed to Plaintiff's remaining claims under Section 15(b) and Section 15(d).

## LEGAL STANDARD

"After pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). To survive a motion under Rule 12(c), "a complaint must state a claim to relief that is plausible on its face." *Denan v. Trans Union LLC*, 959 F.3d 290, 293 (7th Cir. 2020); *see also Federated Mut. Ins. Co. v. Coyle Mech. Supply, Inc.*, 2020 WL 1323733, at *2 (S.D. Ill. Mar. 20, 2020) (moving party must "demonstrate that there are no material issues of fact to be resolved"). Although the statute of limitations is an affirmative defense, district courts may enter judgment on the pleadings if the pleadings demonstrate that a claim is barred by the statute of limitations. *See, e.g., Mohamed v. WestCare*

3

*Ill., Inc.*, 786 F. App'x 60, 61 (7th Cir. 2019) (affirming judgment on the pleadings dismissing claim brought under 42 U.S.C. § 1983 because plaintiff did not bring claims within two-year limitations period); *Easterling v. Thurmer*, 880 F.3d 319, 323 (7th Cir. 2018) (same, rejecting a continuing violation theory); *Swanson v. Baker & McKenzie, LLP*, 527 F. App'x 572, 573 (7th Cir. 2013) ("Even though the statute of limitations is an affirmative defense, district courts may grant judgment on the pleadings if there is no conceivable way to save the claim.").

## ARGUMENT

According to Plaintiff's allegations, she first scanned her finger at White Castle in 2007, and she was required to scan her finger to access her paystubs. SAC ¶¶ 40–41. She did not file this action until December 2018, 11 years after she first scanned her finger and 10 years after BIPA was enacted. BIPA does not include a statute of limitations, and the applicable statute of limitations is not settled. *See, e.g.*, *Meegan v. NFI Indus.*, 2020 WL 3000281, at *2 (N.D. Ill. June 4, 2020). Two Illinois courts have recognized that the determining the limitations period applicable to BIPA claims is a "novel" issue and certified it for interlocutory appeal. *See Tims v. Black Horse Carriers*, No. 2019-CH-03522, at 1–2 (Cir. Ct. Cook Cty. Feb. 26, 2020), attached hereto as Exhibit A; *Marion v. Ring Container Techs.*, No. 2019 L 000089, at 1 (Cir. Ct. Kankakee Cty. Apr. 17, 2020), attached hereto as Exhibit B. Regardless of the outcome of those appeals, no court has held that a statute of limitations longer than five years applies to BIPA claims.[2] Under any arguable limitations period, however, Plaintiff's Section 15(b) and Section 15(d) claims are time-barred because she did not bring them until much more than five years had passed from her first alleged finger-scan, when her claim accrued. Accordingly, the Court

---

[2] Because BIPA is silent about the statute of limitations, some courts have held the five-year, catch-all applies. 735 ILCS 5/13-205 ("[A]ll civil actions not otherwise provided for, shall be commenced within 5 years next after the cause of action accrued.").

should dispose of Plaintiff's claims, and in doing so, it need not wade into the dispute about what the limitations period for BIPA claims should be.

Some BIPA plaintiffs have suggested that a claim accrues every time they use a biometric device in violation of the statute, but at least two Illinois courts have rejected this contention, holding that the claim accrues the first time a defendant allegedly violates BIPA. *See Robertson v. Hostmark Hospitality Grp.*, No. 18-CH-05194 at 4 (Cir. Ct. Cook Cty. May 29, 2020) (attached hereto as Exhibit C); *Watson v. Legacy Healthcare Fin. Servs., LLC*, No. 2019-CH-03425, at 3 (Cir. Ct. Cook Cty. June 10, 2020) (holding that Section 15(a) and 15(b) claims accrued the first time the plaintiff's handprint was allegedly collected in violation of BIPA) (attached hereto as Exhibit D). In general, a cause of action accrues "when facts exist that authorize one party to maintain an action against another." *Feltmeier v. Feltmeier*, 207 Ill. 2d 263, 278 (2003); *see also Robertson*, Ex. C at 4 ("[A] cause of action for a statutory violation accrues at the time a plaintiff's interest is invaded."). In other words, "where there is a single overt act form which subsequent damages may flow, the statute [of limitations] begins to run on the date the defendant invaded the plaintiff's interest and inflicted injury, **and this is so despite the continuing nature of the injury**." *Feltmeier*, 207 Ill. 2d at 278–79 (emphasis added). As Plaintiff contends, BIPA "requires companies to obtain informed written consent from employees **before** acquiring their biometric data," and "prohibits private entities from disclosing a person's or customer's biometric identifier or biometric information without **first** obtaining consent for that disclosure." SAC ¶¶ 81, 91 (emphasis in original). Thus, because White Castle allegedly did not obtain Plaintiff's consent *before* it collected or disclosed her biometric information, Plaintiff's claims accrued immediately upon collection or disclosure.

5

In *Robertson*, the court rejected the plaintiff's contention that Illinois's "continuing violation doctrine" applied to Section 15(b) and 15(d) claims. Under the "continuing violation doctrine," "where a tort involves a continuing or repeated injury, the limitations period does not begin to run until the date of the last injury or the date the tortious acts cease." *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325, 345 (Ill. 2002). In determining that the doctrine does **not** apply to BIPA claims, the court in *Robertson* noted that the real purpose of the doctrine is to "allow suit to be delayed until a series of wrongful acts blossoms into an injury on which suit can be brought. It is thus a doctrine not about a continuing, but about a cumulative, violation." *Robertson*, Ex. C, at 4 (quoting *Limestone Development Corp. v. Village of Lamont*, 520 F.3d 797, 801 (7th Cir. 2008)). Accordingly, a defendant's "alleged failure to first obtain" a person's "written consent before collecting his biometric data . . . is the essence of and gave rise to the cause of action, not their continuing failure to do so." *Id.* *Robertson* held that the plaintiff's claims under Section 15(b) and Section 15(d) accrued when his "statutory rights were violated in 2010 when Defendants allegedly **first collected and disseminated** his biometric data without complying with section 15's requirements." *Id.* (emphasis added). Because the plaintiff filed his claims eight years after accrual, the Court dismissed them as untimely.

The court in *Watson* reached the same conclusion. There, the plaintiff argued that because each of his daily scans violated BIPA, his last scan—on his last day of work—was the accrual date for limitations purposes. *Watson*, Ex. D, at 3. The court agreed with the defendant, who argued that the first scan, on the first day of work, was the proper accrual date because "all his damages flowed from that initial act of collecting and storing [Plaintiff's] handprint . . . without first complying with the statute." *Id.*

6

In so deciding, the court in *Watson* relied on the plaintiff's allegations that, "[f]rom the start of Plaintiff's employment with Defendants in 2012," he was required to have his "fingerprint and/or handprint collected and/or captured so that Defendants could store it and use it moving forward as an authentication method." *Id.* The complaint in *Watson* further alleged that "*before* collecting Plaintiff's biometric information, Defendants did not provide Plaintiff with the required written notices and did not get his required consent." *Id.* Compare these allegations with the analogous allegations from the Second Amended Complaint: "Plaintiff ***was required*** to scan and register her fingerprint(s) so White Castle could use them as an authentication method for Plaintiff," and "**prior** to the collection of her biometric identifiers and biometric information, Plaintiff had never been provided with nor ever signed a written release . . . ." SAC ¶¶ 40, 49.

Here, according to Plaintiff's own allegations, her Section 15(b) and 15(d) claims accrued in 2008, during the first post-BIPA finger-scan that she alleges violated BIPA. *See* SAC ¶¶ 39–41; Affirmative Defenses ¶¶ 6-7. Accordingly, the latest she could bring her claims was 2013, but she did not file this action in 2018. Her claims are untimely, and judgment should be entered against her.

## CONCLUSION

For the reasons set forth above, White Castle respectfully requests that the Court grant its motion for judgment on the pleadings and dismiss Plaintiff's claims under Section 15(b) and Section 15(d) of BIPA.

Dated: June 30, 2020                                    Respectfully submitted,

                                                  By:   */s/ Melissa A. Siebert*
                                                        One of Defendant's Attorneys

Melissa A. Siebert (#6210154)
Benjamin E. Sedrish (#6308141)
SHOOK, HARDY & BACON L.L.P.
111 South Wacker Drive, Suite 4700
Chicago, IL 60606
Telephone.: 312.704.7700
Facsimile:  312.558.1195
masiebert@shb.com
bsedrish@shb.com

*Attorneys for Defendant*
*White Castle System, Inc.*
8

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on **June 30, 2020**, she caused a true and correct copy of the foregoing **DEFENDANT WHITE CASTLE SYSTEM, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS** to be filed electronically. Notice of this filing will be sent to all parties registered on this Court's ECF system by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ *Melissa A. Siebert*