**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| LATRINA COTHRON, individually and on behalf of similarly situated individuals, | ) ) ) ) | |
| Plaintiff, | ) ) | No. 19-cv-00382 |
| v. | ) ) | Judge John J. Tharp, Jr. |
| WHITE CASTLE SYSTEM, INC. d/b/a WHITE CASTLE, | ) ) ) ) | |
| Defendants. | ) ) | |

**ORDER**

For the reasons set forth in the Statement below, Defendant White Castle System, Inc. ("White Castle")'s motion to amend to certify a question for interlocutory appeal [134] is granted. White Castle has ten days from the entry of this order to request the Seventh Circuit's interlocutory review of the certified question; if review is granted, the Court will stay this case pending the Seventh Circuit's resolution.

**STATEMENT**

On August 7, 2020, the Court denied Defendant White Castle's motion for judgment on the pleadings [125]. In doing so, the Court held that "[a] party violates [Illinois Biometric Privacy Act] Section 15(b) when it collects, captures, or otherwise obtains a person's biometric information without prior consent" and, under Section 15(d), "each time an entity discloses or otherwise disseminates biometric information without consent." Mem. & Op. 11, 13, Aug, 7, 2020, ECF No. 125.

White Castle now asks the Court to amend its order to certify a question for interlocutory appeal to the Seventh Circuit. Mot. Amend, Aug. 17, 2020, ECF No. 134. The proposed question for certification reads:

Whether a private entity violates Sections 15(b) or 15(d) of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 *et seq.*, only when it is alleged to have first collected or to have first disclosed alleged biometric information or biometric identifiers ("biometric data") of an individual without complying with those

Sections, or whether a violation occurs under Sections 15(b) or 15(d) each time that a private entity allegedly collects or discloses the individual's biometric data.[1]

A district court may certify a question for interlocutory appeal only if the court's order "involves a controlling question of law as to which there is substantial ground for difference of opinion" and an "immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The Seventh Circuit has also recognized an additional, nonstatutory requirement that the petition must be filed in the district court "within a reasonable time after the order sought to be appealed." *Ahrenholz v. Bd. of Trustees*, 219 F.3d 674, 675 (7th Cir. 2000). Though interlocutory appeals are generally frowned upon, given the significant delays in district court litigation they can cause, the Seventh Circuit has "emphasize[d] the duty of the district court . . . to allow an immediate appeal to be taken when the statutory criteria are met." *Id.* at 677.

Two of the three statutory requirements are easily satisfied here. The issue of when a cause of action accrues under Sections 15(b) and (d) is a "question of the meaning of a statutory or constitutional provision." *Ahrenholz*, 219 F.3d at 676. As a result, Cothron's protestations that the proposed question is not a "pure question of law" miss the mark. Resp. Opp'n 4, Sept. 1, 2020, ECF No. 138. Adjudicating her particular claims may require fact-intensive determinations about "when and to whom Defendant disseminated Plaintiff's biometric data." *Id.* But the question of whether a separate cause of action arises each time an entity "collect[s], captures," "disclose[s] . . . or otherwise disseminate[s]" biometric information without proper notice and authorization, 740 ILCS 14/15(b) and (d), is a question that a court of appeals can decide "quickly and cleanly without having to study the record." *Ahrenholz*, 219 F.3d at 677.

Moreover, White Castle's identified question of law is controlling, and a definitive resolution of the issue by the Seventh Circuit (whether through its own analysis or by certification of the question to the Illinois Supreme Court, pursuant to Ill. S. Ct. Rule 20) would materially advance the ultimate termination of the litigation. Under the Court's interpretation of BIPA's statutory language, Cothron has at least some timely claims under Sections 15(b) and (d); should the Seventh Circuit's reading of the statute differ, Cothron may well have *no* timely BIPA claims. The question for certification is therefore "quite likely to affect the further course of the litigation," *Sokaogon Gaming Enter. Corp. v. Tushie-Montgomery Assocs.*, 86 F.3d 656, 659 (7th Cir. 1996), and its resolution will expedite the litigation, either by defining more clearly the parameters of, and parties' reasonable expectations for, settlement negotiations or by extinguishing Cothron's claims altogether.

---

[1] Technically, the Court's ruling addressed the question of when Cothron's claims accrued rather than when the violations on which those claims were based occurred. While the date of a statutory violation can, in some contexts, differ from the date when a cause of action for such violations accrued, the Court's ruling assumed that the date of violation is the date of accrual. The real question the Court addressed was, as reflected in the proposed certified question, whether every act of collection and disclosure that fails to comply with the notice requirements of Sections 15(b) and 15(d), respectively, constitutes a separate offense. Accordingly, the Court accepts the formulation of the certified question that White Castle has proposed, with modifications (*infra*) that are intended to clarify rather than to substantively modify the proposed question.

The closest issue is whether there is "substantial ground for difference of opinion" as to the proper interpretation of BIPA's statutory language—or, as the Seventh Circuit has characterized it, whether the question for certification is "contestable." *Ahrenholz*, 219 F.3d at 676. Admittedly, "substantial" is not well-defined by either the statute or the case law, but a few helpful guidelines have emerged. Novelty of a legal issue, alone, is insufficient to establish contestability, and courts have admonished that interlocutory appeal "should not be used merely to provide review of difficult rulings in hard cases." *In re Brand Name Prescription Drugs Antitrust Litig.*, 878 F. Supp. 1078, 1081 (N.D. Ill. 1995). Where there is controlling authority from the relevant court of appeals that guides a district court's analysis "there is no reason for immediate appeal," no matter how close the call may have been. *Id.* But, where there is no established body of law to draw on, and where, as here, "the issue is particularly difficult and of first impression," *Thrasher-Lyon v. CCS Commer. LLC*, No. 11 C 04473, 2012 WL 5389722, at *3 (N.D. Ill. Nov. 2, 2012), contestability—evidenced by conflicting opinions among courts that have grappled with the issue— weighs in favor of immediate appellate review.

To that end, Defendant White Castle identifies three recent cases where Illinois state courts have held that allegations like Cothron's should be treated as claims for a single violation of Section 15(b) or (d), rather than multiple actionable violations. *See Robertson v. Hostmark Hospitality Grp.*, No. 18-CH-5194 (Cir. Ct. Cook Cty. May 29, 2020), *Watson v. Legacy Healthcare Fin. Servs., LLC*, No. 2019-CH-03425 (Cir. Ct. Cook Cty. June 10, 2020), *Smith v. Top Die Casting Co.*, 2019-L-248 (Cir. Ct. Winnebago Cty. Mar. 12, 2020). Because both *Robertson* and *Watson* were brought to the Court's attention in the parties' briefing on this issue, Cothron suggests that the Court's opinion casts doubt on the plausibility of those opinions' reasoning. Resp. Opp'n 5-8. That is not the case. The Court stands by its holding, but reasonable minds can and have differed as to the clarity of BIPA's statutory text and the extent to which suppositions about legislative intent should shape courts' application of it. Given how few courts have had reason to address the issue, the cases identified represent a "sufficient number of conflicting and contradictory opinions" to conclude there is substantial ground for difference of opinion. *Oyster v. Johns-Manville Corp.*, 568 F. Supp. 83, 88 (E.D. Pa. 1983) (internal quotations omitted).

Because the question of when claims accrue under Sections 15(b) and (d) satisfies 28 U.S.C. § 1292(b)'s statutory threshold for interlocutory appeal, and because White Castle raised the issue of certification in a timely manner, Defendant's motion to amend [134] is granted and the Court certifies White Castle's proposed question, as modified below for purposes of clarity:

> Whether a private entity violates Sections 15(b) or 15(d) of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 *et seq.*, only when it is alleged to have first collected (§ 15(b)) or to have first disclosed (§ 15(d)) biometric information or biometric identifiers ("biometric data") of an individual without complying with the requirements of those Sections, or whether a violation occurs each time that a private entity allegedly collects (§ 15(b)) or discloses (§ 15(d)) the individual's biometric data without complying with the requirements of the applicable subsection.

White Castle has 10 days from the entry of these findings to request the Seventh Circuit's interlocutory review of the certified question. If granted, the Court will stay the case pending interlocutory review.

Dated: October 1, 2020

John J. Tharp, Jr.
United States District Judge

4