
CERTIFIED COPY
A True Copy
Teste:

Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

In the

# United States Court of Appeals

## for the Seventh Circuit

―――――――――

No. 20-3202

LATRINA COTHRON, individually and
on behalf of all others similarly situated,

*Plaintiff-Appellee,*

*v.*

WHITE CASTLE SYSTEM, INC.,

*Defendant-Appellant.*

―――――――――

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 19 CV 00382 — **John J. Tharp, Jr.**, *Judge.*

―――――――――

SUBMITTED AUGUST 14, 2023 — DECIDED AUGUST 23, 2023

―――――――――

Before SYKES, *Chief Judge*, and EASTERBROOK and
BRENNAN, *Circuit Judges.*

SYKES, *Chief Judge*. In December 2018 Latrina Cothron
filed a proposed class-action lawsuit in Illinois state court
against White Castle System, Inc., her employer. For many
years Cothron has worked as a manager at one of White
Castle's hamburger restaurants in Illinois; her suit accuses
the company of violating the Illinois Biometric Information

Privacy Act, 740 ILL. COMP. STAT. 14/1 *et seq.*, by failing to obtain her written consent before implementing a fingerprint-scanning system that requires her to scan her fingerprints to access her work computer and payment records.

White Castle removed the case to federal court and later sought judgment on the pleadings, arguing that Cothron's suit was untimely because her claim accrued in 2008 with her first fingerprint scan after the Act's effective date. Cothron countered that a new claim accrued with each fingerprint scan—not just the first one—so her suit was timely with respect to any scans without her consent that occurred within the limitations period.

The district judge agreed with Cothron's claim-accrual theory and denied the motion, but he certified his order for immediate appeal under 28 U.S.C. § 1292(b). Because the order involved a controlling question of law on which there was substantial ground for disagreement, we accepted the interlocutory appeal. *Cothron v. White Castle Sys., Inc.*, 20 F.4th 1156, 1160 (7th Cir. 2021).

Following oral argument, we certified the novel timeliness question—namely, whether a claim accrues under the Act with each unlawful biometric scan or only the first one—to the Illinois Supreme Court. *Id.* at 1166–67. The state supreme court accepted the certification and has now answered the question, holding that "a separate claim accrues under the Act each time a private entity scans or transmits an individual's biometric identifier or information in violation of section 15(b) or 15(d)" of the Act. *Cothron v. White Castle Sys., Inc.*, 2023 WL 4567389, at *1 (Ill. Feb. 17, 2023) *as modified on denial of reh'g* (July 18, 2023).

After denying White Castle's motion for rehearing, the Illinois Supreme Court issued its mandate on August 22. In the meantime we had directed the parties to file position statements under Circuit Rule 52(b). They have done so. Cothron asks us to lift the stay in this case and enter an order consistent with the state supreme court's answer to the certified question. White Castle asks us to expand the interlocutory appeal to include new questions concerning the scope of a possible damages award and constitutional arguments under the Due Process and Excessive Fines Clauses.

The order before us concerned only the timeliness of Cothron's suit. The Illinois Supreme Court's answer to the certified question makes it clear that the suit is timely with respect to some of the allegedly unlawful fingerprint scans. That resolves this appeal. Accordingly, we lift the stay and affirm the district court's order denying White Castle's motion for judgment on the pleadings.

AFFIRMED