IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LATRINA COTHRON, individually and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br>v.<br><br>WHITE CASTLE SYSTEM, INC. d/b/a WHITE CASTLE,<br><br>   Defendant. | No. 1:19-cv-00382<br><br>Hon. Judge John J. Tharp Jr.<br><br>Hon. Magistrate Judge Heather K. McShane |

## DEFENDANT'S NOTICE OF CLAIMS OF UNCONSTITUTIONALITY

Pursuant to Federal Rule of Civil Procedure 5.1(a) and Local Rule 24.1, Defendant White Castle System, Inc. ("White Castle") hereby gives notice that its Amended Answer to the Second Amended Class Action Complaint of Plaintiff Latrina Cothron ("Plaintiff"), Doc. 190, draws into question the constitutionality of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 *et seq*. Specifically, White Castle contends that BIPA, both generally and as applied to Plaintiff's claims and allegations, violates the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution, the Due Process Clause of Article I, Section 2 of the Illinois Constitution, and the Eighth Amendment to the United States Constitution because, among other reasons: (a) the liquidated statutory damages which Plaintiff seeks and are potentially available under BIPA are grossly excessive and disproportionate in light of the absence of any actual injury or harm to Plaintiff; (b) the liquidated statutory damages which Plaintiff seeks and are potentially available under BIPA are grossly disproportionate to the harm alleged or which BIPA seeks to redress; (c) the liquidated statutory damages sought and potentially available under BIPA constitute an excessive fine and unconstitutional penalty; and (d) the definitions of, *inter*

*alia*, "biometric identifiers" and "biometric information" are impermissibly vague, as are the scope of damages available or that may be awarded under BIPA.

White Castle reserves its rights to amend and/or supplement the foregoing and otherwise to raise any and all timely asserted constitutional claims and defenses. As required by Federal Rule of Civil Procedure 5.1(a), the undersigned counsel for White Castle is also serving a copy of this Notice and White Castle's responsive pleading on the Illinois Attorney General.

Dated:  January 22, 2024         Respectfully submitted,

**WHITE CASTLE SYSTEM, INC. d/b/a WHITE CASTLE**

By:  */s/ Max E. Kaplan*
Max E. Kaplan (*pro hac vice*)
COZEN O'CONNOR
1650 Market Street, Suite 2800
Philadelphia, PA 19103
Tel.: (215) 665-4682
Fax: (215) 701-2282
mkaplan@cozen.com

Melissa A. Siebert
COZEN O'CONNOR
123 North Wacker Drive
Suite 1800
Chicago, IL 60606
Tel: (312) 474-4491
Fax: (312) 382-8910
msiebert@cozen.com

*Attorneys for White Castle System, Inc.*

## CERTIFICATE OF SERVICE

    I, Max E. Kaplan, an attorney, hereby certify that on January 22, 2024, I caused a true and correct copy of the foregoing DEFENDANT'S NOTICE OF CLAIMS OF UNCONSTITUTIONALITY to be electronically filed with the Court and served on counsel of record via ECF pursuant to the General Order on Electronic Filing of the United States District Court, Northern District of Illinois.

                                              */s/ Max E. Kaplan*
                                              Max E. Kaplan