**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LATRINA COTHRON, individually and on behalf of all others similarly situated,<br><br>   *Plaintiff,*<br><br>v.<br><br>WHITE CASTLE SYSTEM, INC. d/b/a WHITE CASTLE,<br><br>   *Defendant.* | Case No. 1:19-cv-00382<br>Judge John J. Tharp, Jr. |

## <u>FINAL APPROVAL ORDER AND JUDGMENT</u>

   This matter coming to be heard on Plaintiff Motion for and Memorandum in Support of Final Approval of Class Action Settlement (the "Motion"), due and adequate notice having been given to the Settlement Class, and the Court having considered the papers filed and proceedings in this matter, and being fully advised in the premises,

   **IT IS HEREBY ORDERED, ADJUDGED, and DECREED as follows:**

   1.  Capitalized terms used in this Order that are not otherwise defined herein have the same meaning as in the Settlement Agreement, which is appended to and constitutes part of this Order.

   2.  This Court has jurisdiction over the subject matter of the Plaintiff's and Class Members' claims pending before it ("Action") and personal jurisdiction over all Parties to the Action, including all Settlement Class Members.

   3.  The Court preliminarily approved the Settlement Agreement by Preliminary Approval Order dated April 25, 2024. At that time, the Court preliminary certified a class of the following individuals:

**All individuals working or who worked for White Castle System, Inc. in the state of Illinois and who used a finger-scanning device in the course of their employment without first executing White Castle's Biometric Information Privacy Team Member Consent Form during the Class Period from December 6, 2013, to October 15, 2018.**

4.      Excluded from the Settlement Class are: (1) the Court and members of their families; (2) persons who properly execute a timely request for exclusion from the Class; and (3) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released.

5.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finally certifies, for settlement purposes only, the Settlement Class.

6.      The Court has read and considered the papers filed in support of the Motion, including the Settlement Agreement and exhibits thereto and supporting declarations.

7.      The Court held a Final Approval Hearing on August 1, 2024, at which time the Parties and all other interested persons were afforded the opportunity to be heard.

8.      Based on the papers filed with the Court and the presentations made to the Court by the Parties and other interested persons at the Final Approval Hearing, the Court now gives final approval of the Settlement and finds that the Settlement Agreement is fair, adequate, reasonable, was entered into in good faith and without collusion, and is in the best interest of the Settlement Class in light of the complexity, expense, and duration of the litigation and the risks involved in establishing liability and damages in maintaining the class action through trial and appeal.  The complex legal and factual posture of the Action, and the fact that the Settlement Agreement is the result of arms-length negotiations between experienced attorneys familiar with the legal and factual issues of this case, further support this finding.

9.     The consideration provided under the Settlement Agreement constitutes fair value given in exchange for the Release of claims against the Released Parties. The Court finds that the consideration to be paid to participating Settlement Class Members is reasonable, considering the facts and circumstances of the claims and defenses available in the Action and the potential risks and likelihood of success of alternatively pursuing litigation on the merits.

10.     The Court hereby finally approves the Settlement Agreement in the total amount of Nine Million, Three Hundred Ninety-Four Thousand, Four Hundred Forty Dollars ($9,394,440.00), consistent with and pursuant to the terms and conditions of the Settlement Agreement.

11.     For settlement purposes only, the Court confirms the appointment of Plaintiff Latrina Cothron as Class Representative of the Settlement Class.

12.     For settlement purposes only, the Court confirms the appointment of the following counsel as Class Counsel, and finds they are experienced in class litigation and have adequately represented the Settlement Class:

> **Ryan F. Stephan**
> **James B. Zouras**
> **Andrew C. Ficzko**
> **STEPHAN ZOURAS, LLC**
> **222 WEST ADAMS STREET, SUITE 2020**
> **Chicago, Illinois 60606**
> **Tel: 312-233-1550**
> **rstephan@stephanzouras.com**
> **jzouras@stephanzouras.com**
> **aficzko@stephanzouras.com**

13.     With respect to the Settlement Class, this Court finds, for settlement purposes only, that: (a) the Settlement Class defined above is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Class, and those common questions predominate over any questions affecting only individual members; (c) the

3

Class Representative and Class Counsel have fairly and adequately protected, and will continue to fairly and adequately protect, the interests of the Settlement Class; and (d) certification of the Settlement Class is an appropriate method for the fair and efficient adjudication of this Action.

14.    The Court has determined that the Notice given to the Settlement Class Members, in accordance with the Preliminary Approval Order, fully and accurately informed Settlement Class Members of all material elements of the Settlement and constituted the best notice practicable under the circumstances; was reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action and their rights to participate in the Action and to appear at the Final Approval Hearing; was reasonable, and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, applicable law, and the Due Process Clauses of the U.S. Constitution and Illinois Constitution.

15.    The Court orders the Parties to the Settlement Agreement to perform their obligations thereunder. The Parties and Settlement Class Members are bound by the terms and conditions of the Settlement Agreement.

16.    The Court dismisses the Action with prejudice and without costs (except as otherwise provided herein and in the Settlement Agreement).

17.    Upon the Effective Date and in consideration of the payment of the Settlement Fund and the releases, agreements, and covenants contained in the Settlement Agreement, the Settlement Class Members who did not opt out, shall release, relinquish, and give up any and all actual, potential, filed, unfiled, known or unknown claims, suits, actions, controversies, demands, and/or causes of action arising out of or related to the allegations set forth in the pleadings in the Action, including those arising under BIPA and any similar law that were brought or could have been

brought in the Action or that were brought or could have been brought in the Action relating to the Finger-Scanning System used at or by any Released Party.

18.     The Court finally approves the Released Claims provided in the Settlement Agreement. Upon the Effective Date, the Releasors shall be deemed to have released, and by operation of this Final Approval Order shall have fully, finally, and forever released, acquitted, relinquished, and completely discharged any and all Released Claims against the Released Parties.

19.     The Court further adjudges that, upon entry of this Order and as described herein, the Settlement Agreement and the above-described Release Claims will be binding on, and have *res judicata* preclusive effect in, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff and all other Settlement Class Members who did not previously, validly, and timely exclude themselves from the Settlement, and their respective predecessors, successors, beneficiaries, heirs, executors, conservators, administrators, and assigns of each of the foregoing, and anyone claims by, through, or on behalf of them as set forth in the Settlement Agreement. The Released Party may file the Settlement Agreement and/or this Final Approval Order in any action or proceeding that may be brought against it to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

20.     Plaintiff and all Settlement Class Members who did not previously, validly, and timely exclude themselves from the Underlying Settlement Agreement, are permanently barred and enjoined from asserting, commencing, prosecuting, or continuing any of the Released Claims or any of the claims described in the Settlement Agreement against the Released Party.

21.     To the extent a *cy pres* award is made pursuant to the Settlement Agreement, such award will be distributed to the Illinois Equal Justice Foundation.

22.     Neither this Final Approval Order, nor the Settlement Agreement, nor the payment of any consideration in connection with the Settlement shall be construed or used as an admission or concession by or against Defendant of any fault, omission, liability, or wrongdoing, or of the validity of any of the Released Claims as set forth in the Settlement Agreement. This Final Approval Order is not a finding of the validity or invalidity of any claims in this Action or a determination of any wrongdoing by Defendant.  The Final Approval Order approving the Settlement does not constitute any position, opinion, or determination of this Court, one way or another, as to the merits of the claims or defenses of Plaintiff, the Settlement Class Members, or Defendant.

23.     The Court finds that no reason exists for delay in entering this Final Approval Order. Accordingly, the Clerk is hereby directed forthwith to enter this Final Approval Order of dismissal with prejudice and to enter final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

24.     The Parties, without further approval from the Court, are hereby permitted to agree to and adopt such amendments, modifications, and expansions of the Settlement Agreement and its implementing documents (including all exhibits to the Settlement Agreement) so long as they are consistent in all material respects with this Final Approval Order and do not limit the rights of the Settlement Class Members.

25.     Without affecting the finality of this Final Approval Order for purposes of appeal, the Court retains jurisdiction as to all matters relating to the administration, consummation,

enforcement, and interpretation of the Settlement Agreement and the Final Approval Order, and for any other necessary purpose.

**IT IS SO ORDERED.**

ENTERED: August 5, 2024

John J. Tharp, Jr.
United States District Court Judge
Northern District of Illinois, Eastern Division

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

LATRINA COTHRON, individually, and
on behalf of all others similarly situated,

    Plaintiff,

      vs.

WHITE CASTLE SYSTEM, INC. d/b/a
WHITE CASTLE,

    Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

**Case No. 1:19-cv-00382**

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

This Class Action Settlement Agreement and Release (herein referred to as "Settlement Agreement" or "Settlement") is made and entered into by and between LATRINA COTHRON ("Plaintiff") on behalf of herself and each member of the Settlement Class as defined below, and Defendant WHITE CASTLE SYSTEM, INC. d/b/a WHITE CASTLE ("Defendant" or "White Castle") (together with Plaintiff, the "Parties").

## I.    RECITALS

1.     Plaintiff Latrina Cothron filed the operative Second Amended Class Action Complaint[1] on April 11, 2019, seeking redress for herself and all aggrieved workers for Defendant White Castle's alleged use of a biometric finger-scanning device during the course of their employment for such purposes including, but not necessarily limited to, to access Defendant's computer system and necessary documents while working. However, in doing so, Plaintiff alleges Defendant violated the Illinois Biometric Information Privacy Act ("BIPA" or "Act"), 740 ILCS 14/1, *et seq.*, by disregarding Plaintiff's and other similarly-situated workers' statutorily protected

---

[1] The original Complaint was filed December 6, 2018.

privacy rights by unlawfully collecting, otherwise obtaining, storing, using, and disseminating their biometric identifiers and biometric information (collectively referred to herein as "biometric data"), all while ignoring BIPA's notice and consent requirements. Specifically, the Second Amended Class Action Complaint alleges White Castle violated Sections 15(a), (b) and (d) of BIPA – its publicly-available policy, informed consent, and unauthorized disclosure requirements. *See* 740 ILCS 14/15(a), (b) and (d). On June 16, 2020, Plaintiff's Section 15(a) claim of the Second Amended Class Action Complaint was dismissed. (Dkt. 116.)

2.      Defendant denies any liability, wrongdoing, or legal violations of any kind related to the claims and contentions asserted in this Action. White Castle has vigorously defended itself in its interlocutory appeal to the Seventh Circuit and the certified question from the Seventh Circuit accepted by the Illinois Supreme Court. By entering into this Settlement, Defendant does not admit any liability or wrongdoing, and expressly denies the same.

3.      Class Counsel has conducted an investigation into the facts and the law regarding the Action and has concluded that a settlement according to the terms set forth herein is fair, reasonable, and adequate, and beneficial to and in the best interests of Plaintiff and the Settlement Class, recognizing: (a) the existence of complex and contested issues of law and fact; (b) the risks inherent in litigation; (c) the likelihood that future proceedings will be unduly protracted and expensive if the proceeding is not settled by voluntary agreement; (d) the magnitude of the benefits derived from the contemplated Settlement in light of both the maximum potential and likely range of recovery to be obtained through further litigation and the expense thereof, as well as the potential of no recovery whatsoever; and (e) Class Counsel's determination that the Settlement is fair, reasonable, adequate, and will substantially benefit the Settlement Class Members. For purposes of this Settlement Agreement, Class Counsel has also determined that the Settlement

DocuSign Envelope ID: 88ED9275-CB0A-4583-9A36-CA5B3EE185E7

Agreement procedures described herein are superior to other available methods for the fair and efficient resolution of this controversy.

4.      Considering the risks and uncertainties of continued litigation and all factors bearing on the merits of settlement, the Parties are satisfied that the terms and conditions of this Settlement Agreement are fair, reasonable, adequate, and in their best respective interests.

5.      The Parties agree to cooperate and take all reasonable steps necessary and appropriate to obtain preliminary and final approval of the Settlement Agreement, to effectuate all aspects of the Settlement Agreement, and to dismiss this Action with prejudice upon final approval and entry of final judgment.

6.      In consideration of the covenants, agreements, and releases set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is agreed by and among the undersigned that the Action be settled and compromised, and that the Releasors, as that term is defined herein, release the Released Parties, as that term is defined herein, of the Released Claims, as that term is defined herein, without costs as to Defendant, the Released Parties, Plaintiff, Class Counsel, or the Settlement Class, except as explicitly provided for in this Settlement Agreement, subject to the approval of the Court, on the following terms and conditions.

## II.      SETTLEMENT TERMS

### A.      DEFINITIONS

The following terms, as used in this Settlement Agreement, have the following meanings:

7.      "Action" means the class action lawsuit pending in the United States District Court for the Northern District of Illinois, Eastern Division, captioned *Cothron v. White Castle System, Inc. d/b/a White Castle*, Case No. 1:19-cv-00382, which also was in the Illinois Supreme Court,

DocuSign Envelope ID: 88ED9275-CB08-4583-9A36-CA5B3EE18577

*Cothron v. White Castle Sys. Inc.*, 2023 IL 128004, and in the Seventh Circuit Court of Appeals, *Cothron v. White Castle Sys. Inc.*, No. 20-3202.

8.      "Administrative Fees" refers to the Settlement Administrator's fees arising from its administration of the Settlement, including but not limited to creating and maintaining the settlement website, costs in providing Notice, communicating with the Parties and Settlement Class Members, disbursing payments to the proposed Settlement Class Members, and tax reporting, among other duties.

9.      "Finger-Scanning System" means the alleged finger-scanning device used by Defendant's workers between December 6, 2013 through October 15, 2018, which utilized a scan of Plaintiff's and the other Settlement Class Members' finger for accessing Defendant's computer system and necessary documents during the course of their employment.

10.      "Class," "Settlement Class," "Class Member," or "Settlement Class Member" means each member of the Settlement Class, as defined in Paragraph 37 of this Agreement, who does not timely elect to be excluded from the Settlement Class and includes, but is not limited to, Plaintiff.

11.      "Class Counsel" refers to Stephan Zouras, LLC, 222 W. Adams Street, Suite 2020, Chicago, IL 60606.

12.      "Class Period" is from December 6, 2013 to October 15, 2018.

13.      "Court" means the United States District Court for the Northern District of Illinois, Eastern Division, and the Honorable John J. Tharp, Jr. or any judge sitting in his stead.

14.      "Defendant" means Defendant White Castle System, Inc. d/b/a White Castle.

15.      "Defendant's Counsel" means Cozen O'Connor, 123 N. Wacker Drive, Suite 1800, Chicago, Illinois 60606.

DocuSign Envelope ID: 88ED9275-CB0A-4583-9A36-CA5B3EE185F7

16.     "Effective Date" means the first business day after the date on which Final Judgment becomes final. For purposes of this definition, the Final Judgment "becomes final" when the Final Approval Order has been entered on the docket, or if a timely objection has been submitted, on the latest of the following dates: (a) on the date that the time to appeal from the Final Approval Order has expired and no appeal has been timely filed; (b) if such an appeal has been filed, it has been finally resolved and has resulted in an affirmation of the Final Approval Order; or (c) the Court, following resolution of the appeal, enters a further order or orders approving the Settlement on the material terms set forth herein, and either no further appeal is taken from such order(s) or any such appeal results in affirmation of such order(s). In the event that the Court does not approve the Settlement Agreement and/or does not enter a Final Judgment, or in the event that entry of the Final Judgment is reversed on appeal, then there shall be no Effective Date and this Settlement Agreement shall become null and void.

17.     "Exclusion Deadline" means the date by which a request for exclusion submitted by a member of the Settlement Class must be postmarked and delivered to the Settlement Administrator by forty-five (45) days following the initial mailing of the Notice, or such other date as ordered by the Court.

18.     "Fee Petition" means the motion to be filed by Class Counsel in which they seek approval of an award of attorneys' fees, costs, and expenses.

19.     "Fee Award" means the amount of attorneys' fees and reimbursement of costs and expenses awarded by the Court to Class Counsel.

20.     "Final Approval Hearing" means the hearing before the Court where Plaintiff will request final approval of the Settlement and make such other final rulings as are contemplated by the Settlement Agreement.

DocuSign Envelope ID: 88ED9275-CB0A-4583-9A36-CA5B3EE185F7

21.    "Final Approval Order" means the Court's order granting final approval of this Settlement Agreement on the terms provided herein or as those terms may be modified by the Court or subsequent written agreement of the Parties. The Final Approval Order shall:

    a.    Grant final certification of the Settlement Class;

    b.    Find that the Settlement Agreement is fair, reasonable, and adequate, was entered into in good faith and without collusion, and approves and directs consummation of the Settlement Agreement;

    c.    Dismiss Plaintiff's and Class Members' claims pending before it with prejudice and without costs, except as explicitly provided for in this Settlement Agreement;

    d.    Approve the Release provided in the Settlement Agreement and order that, as of the Effective Date, the Released Claims will be released as to the Released Parties; and

    e.    Enter a Final Judgment.

The Parties shall submit a proposed Final Approval Order setting forth the terms of this Settlement Agreement, by incorporation or otherwise, for execution and entry by the Court at the time of the Final Approval Hearing or at such other time as the Court deems appropriate.

22.    "Final Judgment" refers to the judgment entered by the Court in conjunction with the Final Approval Order.

23.    "Incentive Award" means the amount to be paid to the Plaintiff, subject to the approval of the Court, as payment for her efforts for the benefit of the Class, including assisting Class Counsel with the prosecution of the Action.

24.    "Notice" means the notice of class action settlement to be directed to Settlement Class Members consistent with due process. The Notice shall be substantially in the form of **Exhibit A** attached hereto and will provide a summary of the Action, a summary of the Settlement Agreement, information on how Class Members can opt-out or object to the Settlement, and the

DocuSign Envelope ID: 88ED9275-CB0A-4583-9A36-CA5B3EE18577

scope of the release of claims.

25.     "Objection Deadline" means the date by which a written objection to this Settlement Agreement submitted by a member of the Settlement Class must be filed with the Court and copies sent via U.S. Mail to Class Counsel and the Settlement Administrator postmarked by forty-five (45) days following the initial mailing of the Notice, or such other date as ordered by the Court.

26.     "Parties" means Plaintiff and Defendant, collectively.

27.     "Plaintiff" or "Class Representative" shall mean the named class representative, Latrina Cothron.

28.      "Preliminary Approval Order" or "Preliminary Approval" refers to the Court's order preliminarily approving the Settlement Agreement, certifying the Settlement Class for settlement purposes, and directing Notice of the Settlement to the Settlement Class substantially in the form of the Notice set forth in this Agreement.

29.     "Qualified Settlement Fund" or "QSF" means the interest-bearing escrow account with the Settlement Fund to be opened, administered, and controlled by the Settlement Administrator as a "Qualified Settlement Fund" under Section 468B of the IRC and Treas. Reg. § 1.468B-1, 26 C.F.R. § 1.468B-1, et seq.

30.     "Released Claims" means that members of the Settlement Class who do not opt out shall release, relinquish, and give up any and all actual, potential, filed, unfiled, known or unknown claims, suits, actions, controversies, demands, and/or causes of action arising out of or related to the allegations set forth in the pleadings in the Action, including those arising under BIPA and any similar law that were brought or could have been brought in the Action or that were brought or could have been brought in the Action relating to the Finger-Scanning System used at or by any

7

DocuSign Envelope ID: 88ED9275-CB09-4583-9A36-CA5B3EE18577

Released Party.

31.     "Released Party" or "Released Parties" refers to Defendant White Castle System, Inc. d/b/a White Castle and each of its past, present, and future, direct or indirect, current and former owners, parents, subsidiaries, and divisions, and each of their respective officers, directors, shareholders, members, board members, partners, agents, employees, attorneys, insurers, reinsurers, predecessors, successors and assigns. For the avoidance of doubt, Released Parties shall not include any vendors that host biometric data, and/or vendors of biometric devices, including both hardware and/or software.

32.     "Releasor(s)" refers to Plaintiff, the Settlement Class Members, and to each of their predecessors, successors, beneficiaries, heirs, executors, conservators, administrators, and assigns of each of the foregoing, and anyone claiming by, through or on behalf of them.

33.     "Settlement Administrator" refers to the third-party entity selected and supervised by Class Counsel to administer the Settlement.

34.     "Settlement Fund" means a non-reversionary cash fund established by Defendant in the amount of $968.00 per Class Member or $9,394,440.00 (9,705 x $968) within 14 calendar days of the Final Approval Hearing. If at any time before final approval it is determined that the class size exceeds 9,705 individuals, the Settlement Fund shall equal $968.00 per Class Member. By way of example, if the class size is later determined to be 9,750 individuals, then the Settlement Fund will be $9,438,000.00. The following expenses are to be paid from the Settlement Fund: (1) reasonable attorney's fees of no more than 37.5% of the Settlement Fund plus all out-of-pocket costs to be approved by the Court; (2) Class Notice and settlement administration costs; and (3) an Incentive Award to the Named Plaintiff of no more than $7,500 to be determined by the Court ("Net Fund"), and the Court's unilateral reduction of these fees, costs, and/or awards will not

impact the settlement.

**B.    SETTLEMENT CLASS CERTIFICATION**

35.    Solely for the purposes of this Settlement Agreement, the Parties stipulate and agree that (a) the Class shall be certified under Rule 23 of the Federal Rules of Civil Procedure in accordance with the definition contained in Paragraph 37, below; (b) Plaintiff shall represent the Class for settlement purposes and shall be the Class Representative; and (c) Plaintiff's counsel shall be appointed as Class Counsel.

36.    Defendant expressly reserves its right to oppose class certification and oppose the merits of the Action should the Settlement Agreement not become final.

37.    Subject to Court approval, the following Settlement Class shall be certified for settlement purposes:

> All individuals working or who worked for White Castle System, Inc. in the state of Illinois and who used a finger-scanning device in the course of their employment without first executing White Castle's Biometric Information Privacy Team Member Consent Form during the Class Period.

38.    Excluded from the Settlement Class are: (1) the Court and members of their families; (2) persons who properly execute a timely request for exclusion from the Class; and (3) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released. The Settlement Class consists of 9,705 individuals, including the Class Representative. Defendant has provided a declaration from a knowledgeable representative of how the class size was determined. If the class size increases, the total Settlement Fund shall increase on a *pro rata* basis.

**C.    SETTLEMENT APPROVAL REQUIREMENTS**

39.    The Settlement is conditioned upon preliminary approval and final approval of the Settlement Agreement by the Court.

40. The Settlement Agreement requires the occurrence of all of the following events: (a) execution of the Settlement Agreement by the Parties; (b) submission of the Settlement Agreement by the Parties to the Court for preliminary approval; (c) entry of the Preliminary Approval Order by the Court granting preliminary approval of the Settlement Agreement and certification of a class action for purposes of this Settlement only; and (d) Court approval of the method of distribution and the form and content of the Settlement Notice.

41. The Settlement Agreement will become final and effective only upon the occurrence of the following events: (a) the Court enters the Final Approval Order; (b) the Effective Date occurs; and (c) any challenge to the Settlement, whether by objection or appeal, is resolved in favor of enforcement of the Settlement.

**D. MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT**

42. Within twenty-one (21) calendar days upon execution of this Settlement Agreement, Plaintiff, through Class Counsel, will file with the Court an Unopposed Motion for Preliminary Approval of Settlement ("Preliminary Approval Motion") to be prepared by Class Counsel and shared with Defendant's Counsel prior to filing.

43. The Preliminary Approval Motion shall submit this Settlement Agreement, together with its exhibit, to the Court and shall request that the Court enter the Preliminary Approval Order: (a) granting preliminary approval of the Settlement Agreement described herein; (b) conditionally certifying the Class for settlement purposes only; (c) approving the Notice and the proposed plan of settlement administration described herein; and (d) scheduling a tentative date for a Final Approval Hearing approximately ninety (90) days after entry of the Preliminary Approval Order.

44. Should the Court decline to enter the Preliminary Approval Order or otherwise decline to preliminarily approve any aspect of the Settlement Agreement, the Parties will attempt

to renegotiate those aspects of the Settlement Agreement in good faith, with the mutual goal of attempting to reach an agreement as close to this Settlement Agreement as possible and will then submit the renegotiated settlement agreement to the Court for preliminary approval. Only after both Parties agree that they have fully exhausted their efforts at obtaining preliminary approval of a settlement agreement after submitting at least two renegotiated settlements to the Court, the Settlement Agreement will be null and void, and the Parties will have no further obligations under it, and the Parties will revert to their prior positions in the Action as if the Settlement had not occurred.

**E.      ESTABLISHMENT AND ALLOCATION OF THE SETTLEMENT FUND**

45.      Defendant agrees to pay amounts to the Settlement Administrator necessary to create the Settlement Fund as follows:

a.  Within fourteen (14) calendar days of the Final Approval Hearing, Defendant shall pay to the Settlement Administrator the total Settlement Fund in the amount of $9,394,440.00. The Settlement Fund will be used to satisfy all claims for Settlement Class Members in exchange for a comprehensive release and the covenants set forth in this Agreement, including, without limitation, a full, fair, and complete release of all Released Parties from Released Claims, and dismissal of the Action with prejudice.

b.  The Settlement Fund shall be used to pay: (i) Settlement Class Members' claims; (ii) reasonable attorney's fees of no more than 37.5% of the gross Settlement Fund plus all out-of-pocket costs to be approved by the Court and which Defendant agrees not to oppose; (iii) Class Notice and settlement administration costs to be paid out of the gross Settlement Fund; and (iv) an Incentive Award to the Named Plaintiff in the amount of $7,500 to be paid out of the gross Settlement Fund, which will be determined by the Court and which Defendant agrees not to oppose.

c.  The Court may require changes to the method of allocation to Settlement Class Members without invalidating this Settlement Agreement, provided that the other material terms of the Settlement Agreement are not altered, including but not limited to the scope of the Release, the scope of the Settlement Class, and the amount of the Settlement Fund.

46.      Each Settlement Class Member, including the Class Representative, shall be

entitled to a payment of an equal *pro rata* share of the Settlement Fund after Court-approved Administrative Fees paid to the Settlement Administrator, a Fee Award to Class Counsel, and an Incentive Award to the Class Representative are deducted. Thus, each individual who does not timely and validly opt out will receive a *pro rata* share of the net Settlement Fund. Payment to each Settlement Class Member shall be treated as 1099 income. If required, the Settlement Administrator shall issue an IRS Form 1099 to each Class Member as necessary. Each Class Member shall be solely responsible for the reporting and payment of their share of any federal, state, and/or local income or other taxes on payments received pursuant to this Settlement.

47.     Settlement Class Members shall receive their respective share of the Settlement Fund without having to submit a claim form or otherwise "opt in" to the Settlement Class.

48.     The funds provided by Defendant to the Settlement Administrator will be maintained by an escrow agent as a Court-approved Qualified Settlement Fund and shall be deposited in an FDIC insured interest-bearing account created and controlled by the Settlement Administrator.

49.     Class Members will receive an identical share of the net Settlement Fund, subject to a potential second round of distribution. Within sixty (60) calendar days of issuance of settlement checks, the Settlement Administrator shall provide a list of any settlement checks that are not cashed/negotiated within forty-five (45) calendar days of issuance to counsel for the Parties. The Settlement Administrator shall send reminder postcards, emails (if available), and/or texts (if available) to those who have not yet cashed a check. If there is any amount remaining after the first distribution of checks, providing a 150-day check cashing period, 50% of this amount will return to Defendant. If the other 50% of the uncashed check amount totals $300,000 or more, this amount will be redistributed to those Settlement Class Members who participated in the settlement

12

by cashing their initial checks. If the other 50% of the uncashed check amount totals less than $300,000, this amount will be transferred to a mutually agreeable *cy pres* that is approved by the Court.

50.     The Settlement Administrator shall be responsible for making all reporting and filings with respect to amounts payable to Settlement Class Members required pursuant to any federal, state, or local tax law or regulation hereunder under the EIN of the escrow account. The Settlement Administrator shall also be responsible for filing and sending Form 1099s, if necessary, to any applicable recipient of a payment from the Settlement Fund.

51.     The Settlement Administrator shall be responsible for such things as establishment of the escrow account for the Settlement Fund, setting up and managing a settlement website (whose URL will be agreed upon by the Parties), providing Notice to the Class, handling the required CAFA notices to applicable state Attorneys General and the U.S. Attorney General (following Defendant's review and approval), verifying addresses, skip tracing as necessary, communicating with Class Members, disbursing payments to Class Members who do not exclude themselves from the Settlement, tax reporting and other administrative activities contemplated in this Settlement Agreement. All costs and fees of the Settlement Administrator shall be payable solely from the Settlement Fund.

F.      **PLAN OF SETTLEMENT ADMINISTRATION**

52.     The Parties agree to cooperate in the settlement administration process and to make all reasonable efforts to control and minimize the costs and expenses incurred in the administration of the Settlement Agreement.

53.     At no time shall any of the Parties or their counsel: (a) discourage any Settlement Class Member from participating in the Settlement; or (b) encourage any Settlement Class Member

to object to the Settlement Agreement or opt out of the Settlement Agreement.

54.     Within fourteen (14) calendar days after entry of the Preliminary Approval Order, Defendant will provide an Excel spreadsheet via secure file transfer to the Settlement Administrator containing names, social security numbers, telephone numbers, if available, email addresses, if available, and last-known U.S. mailing addresses for the 9,705 putative Class Members. The information produced by Defendant to the Settlement Administrator ("Confidential Information") shall be maintained by the Settlement Administrator as confidential. The Confidential Information shall only be used by the Settlement Administrator as necessary to administer the Parties' settlement and not for any other business or other purpose whatsoever. The Confidential Information shall not be disclosed to any third party, nor made available to the Parties or to their counsel, for any purpose whatsoever.

55.     Defendant will provide an Excel spreadsheet to Class Counsel containing only the names of all Class Members ("Class Name List"). The Class Name List shall only be used by Class Counsel as necessary to administer the Parties' settlement and not for any other business or other purpose, matter, or representation whatsoever. Class Counsel shall not disclose or permit the disclosure of the Class Name List to any third party or entity. Class Counsel agrees to destroy the Class Name List and all copies within sixty (60) calendar days after the check cashing period expires and certify to counsel for Defendant that it has done so.

56.     Within fourteen (14) calendar days after the Settlement Administrator receives the Confidential Information, the Settlement Administrator shall send the Notice to the Settlement Class Members *via* email (if available), text message (if available), and First-Class U.S. Mail, postage prepaid, to their mailing addresses as updated using the U.S.P.S. database of verifiable mailing addresses and the National Change-of-Address database. If any such mailing is returned

14

as undeliverable with an indication of a more current address, the Settlement Administrator will mail the Notice to the new address. If any such mailing is returned as undeliverable without any indication of a more current address, the Settlement Administrator will perform a reverse look up or skip trace using social security numbers to find an updated address, and if one is so identified, will mail the Notice to the new address. For any Notice sent to members of the Settlement Class that are returned as undeliverable, the Settlement Class Member will have the longer of the remaining period or fourteen (14) calendar days from the date of any re-mailing to seek exclusion or object.

57.    The Settlement Administrator will provide counsel for the Parties with bi-weekly reports regarding the status of administration of this Settlement. Defendant's Counsel and Class Counsel have the right to make inquiries and receive any information from the Settlement Administrator as is necessary to the administration of the Settlement.

58.    The Notice, which shall be substantially in the form of **Exhibit A** attached hereto, shall be used for the purpose of informing proposed Settlement Class Members, prior to the Final Approval Hearing, that there is a pending Settlement, and to further inform Settlement Class Members how they may: (i) protect their rights regarding the Settlement; (ii) request exclusion from the Settlement Class and the proposed Settlement, if desired; (iii) object to any aspect of the proposed Settlement, if desired; and (iv) participate in the Final Approval Hearing, if desired. The Notice shall make clear the binding effect of the Settlement on all persons who do not timely request exclusion from the Settlement Class.

59.    **<u>Exclusions.</u>**

    a.    Settlement Class Members shall receive their shares of the Settlement Fund without having to submit a claim form or otherwise "opt in" to the Settlement.

b.     Settlement Class Members who do not want to participate in the Settlement will have up to and including forty-five (45) calendar days following the initial mailing of the Notice to exclude themselves from the Settlement.

c.     In order to exercise the right to be excluded, a Settlement Class Member must timely send a written request for exclusion to the Settlement Administrator providing his/her name, address, and telephone number; the name and number of this case; a statement that he/she wishes to be excluded from the Settlement Class; and a signature. A request to be excluded that is sent to an address other than that designated in the Notice, or that is not postmarked on or before the Exclusion Deadline, shall be invalid, and the person serving such a request shall be considered a member of the Settlement Class and shall be bound by the Settlement Agreement, if approved.

d.     The request for exclusion must be personally signed by the person requesting exclusion. So-called "mass" or "class" exclusion requests shall not be permitted.

e.     No person shall have any claim against Defendant, Defendant's Counsel, the Plaintiff, Class Counsel, or the Settlement Administrator based on any claim that a request for exclusion was not received in a timely manner.

f.     Any Settlement Class Member who elects to be excluded shall not: (i) be bound by any order or the Final Judgment; (ii) be entitled to relief under this Settlement Agreement; (iii) gain any rights by virtue of this Settlement Agreement; or (iv) be entitled to object to any aspect of this Settlement Agreement. A Settlement Class Member who requests to be excluded from the Settlement Class cannot also object to the Settlement Agreement.

g.     If the Settlement Agreement receives final Court approval, all Settlement Class Members who have not opted out by the Exclusion Deadline will be bound by the Settlement Agreement and will be deemed a Releasor as defined herein, and the relief provided by the Settlement will be their sole and exclusive remedy for the claims alleged in the Action.

60.    **Objections.**

a.     Settlement Class Members may object to the Settlement Agreement by following the instructions on the Notice. To object to the Settlement Agreement or any terms of it, the person making the objection must be a member of the Settlement Class, must not have requested to be excluded from the Settlement, and must file a timely written statement of objection with the Court, and mail a copy of that objection with the requisite postmark to the Settlement Administrator, Class Counsel, and Defendant's Counsel no later than the Objection Deadline. The notice of objection must state the case name and number; the basis for and an explanation of the objection;

the name, address, telephone number, and email address of the Settlement Class Member making the objection; a list of any other objections filed; a statement of whether he or she is represented by counsel and, if so, a list of all objections filed by that counsel; and a statement of whether the Settlement Class Member intends to appear at the Final Approval Hearing with or without counsel. In addition, any objection must be personally signed by the Settlement Class Member. Any objection that does not meet the requirements of this paragraph shall not be considered by the Court, unless otherwise ordered by the Court.

b.    If any objecting Settlement Class Member intends to appear at the Final Approval Hearing, either with or without counsel, he/she must state as such in the written objection, and must also identify any witnesses he/she may seek to call to testify at the Final Approval Hearing and all exhibits he/she intends to seek to introduce into evidence at the Final Approval Hearing, which must also be attached to, or included with, the written objection.

c.    Settlement Class Members who fail to file and serve timely and proper written objections shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement Agreement. The Parties may file a response to any objections no later than seven (7) calendar days before the Final Approval Hearing.

61.    Within three (3) business days after the Objection and Exclusion Deadlines, the Settlement Administrator shall provide Class Counsel and Defendant's Counsel a written list reflecting all timely and valid exclusions from the Settlement Class and all objections to the Settlement, including all supporting documentation provided.

## G.    MOTION FOR FINAL APPROVAL OF SETTLEMENT AND FEE PETITION

62.    No later than seven (7) calendar days before the Final Approval Hearing, or by some other date as directed by the Court, the Parties will jointly move for final approval of the Settlement Agreement, and Class Counsel will file a Fee Petition seeking approval of the award of attorneys' fees and litigation costs relating to their representation of the Settlement Class in the amount agreed by the Parties herein, which Defendant agrees not to oppose.

63.    Class Counsel's Fee Petition shall seek: (a) an award of attorneys' fees not to

exceed 37.5% of the gross Settlement Fund, or $3,522,915.00, based on the estimated size of the Class, plus reasonable litigation costs incurred in their representation of Plaintiff and the Settlement Class Members; (b) an award for Administrative Fees to the Settlement Administrator in an amount to be determined; and (c) an Incentive Award to the Plaintiff, not to exceed $7,500, as payment for her efforts on behalf of the Class, including assisting Class Counsel with the prosecution of the Action. Defendant will not oppose Class Counsel's application so long as it is consistent with the provisions of this Settlement Agreement. The amounts approved by the Court will be deducted from the gross Settlement Fund, and the remaining amount (*i.e.,* "Net Settlement Fund") shall be distributed to the Settlement Class in accordance with this Settlement Agreement.

64.     At the Final Approval Hearing, the Parties will ask the Court to: (a) grant final approval of the Settlement Agreement as fair, reasonable and adequate, and entered into in good faith and without collusion; (b) grant final certification of the Settlement Class; (c) consider any properly-submitted objections; and (d) approve the amounts allocated for the Fee Award, the Administrative Fees, and the Incentive Award to Plaintiff. Counsel for the Parties shall jointly present the Court with a proposed Final Approval Order to accomplish that purpose.

65.     If the Court raises concerns regarding the terms of the Settlement Agreement or does not approve any material condition of this Settlement Agreement that effects a fundamental change to the terms of the Settlement hereunder, the Parties will work together in good faith to renegotiate and agree upon terms as close to this Settlement Agreement as possible and to resolve any concerns raised by the Court. Only after both Parties agree that they have fully exhausted such efforts will the Class Action Settlement Term Sheet and this Settlement Agreement become null and void. The Parties will then return to their positions immediately prior to the execution of the Class Action Settlement Term Sheet.

### H.     SETTLEMENT PAYMENTS

66.     No later than fourteen (14) calendar days after the Effective Date, the Settlement

Administrator shall disburse the QSF as follows:

        a.     <u>Payments to Class Members</u>. The Settlement Administrator shall send a check by First Class U.S. Mail to each Class Member, including the Plaintiff, who did not submit an exclusion request, equal to each Settlement Class Member's *pro rata* share of the Settlement Fund, less Administrative Fees paid to the Settlement Administrator, the Incentive Award to the Class Representative, and the Fee Award to Class Counsel. This payment is not subject to any withholdings, and the Settlement Administrator shall issue Class Members an IRS Form 1099 (marked "Other Income"). Class Members acknowledge that the Settlement Administrator must report to the IRS (as well as state and local taxing authorities where applicable) the payment made to them under this Settlement Agreement and that it is each Class Member's individual responsibility to make tax payments on these amounts, if applicable.

        b.     <u>Payment of the Incentive Award to Plaintiff</u>. The Incentive Award of $7,500, if approved by the Court, shall be paid in the form of one check made payable to Plaintiff. This payment is not subject to any withholdings, and the Settlement Administrator shall issue Plaintiff an IRS Form 1099 (marked "Other Income"). The Plaintiff acknowledges the Settlement Administrator must report to the IRS (as well as state and local taxing authorities where applicable) the payment made to her under this provision.

        c.     <u>Payment of the Fee Award to Class Counsel</u>. Attorneys' fees and litigation costs approved by the Court shall be paid in the form of wire transfer to an account designated by Class Counsel. Class Counsel shall provide the Settlement Administrator with its completed W-9 before the payment of the Fee Award is due. The Settlement Administrator shall issue Class Counsel an IRS Form 1099 (marked "Other Income") for their award of attorneys' fees and costs. Class Counsel is responsible for all federal, state, and local tax liabilities that may result from the payment of such attorneys' fees and Defendant shall bear no responsibility for such tax liabilities.

67.     Checks to the Settlement Class Members shall remain valid and negotiable for one hundred fifty (150) calendar days from the date of their issuance and may thereafter automatically be cancelled if not cashed within that time period. The Settlement Administrator will include

language on all settlement checks stating that such checks are void one hundred fifty (150) calendar days following the date such check was originally issued.

68.     The Settlement Administrator will provide counsel for the Parties with bi-weekly reports regarding the status of administration of this Settlement Agreement, including, without limitation, the portion of the Settlement Fund that has not been cashed within one hundred fifty (150) calendar days following the date such check was originally issued.

69.     Within sixty (60) calendar days of issuance of settlement checks, the Settlement Administrator shall provide a list of any settlement checks that are not cashed/negotiated within forty-five (45) calendar days of issuance to counsel for the Parties. Within ten (10) calendar days thereafter, the Settlement Administrator shall attempt to confirm or obtain valid mailing and email addresses (if available), including by telephone (if available), and send a reminder postcard, email (if available), and/or text (if available) to affected Class Members.

70.     If there is any amount remaining after the first distribution of checks, providing a 150-day check cashing period, 50% of such amounts will be returned to Defendant. If the other 50% of the uncashed check amount totals $300,000 or more, this amount will be redistributed to those Settlement Class Members who participated in the settlement by cashing their initial check. If the other 50% of the uncashed check amount totals less than $300,000, this amount will be transferred to a mutually agreeable *cy pres* that is approved by the Court.

## I.     RELEASES

71.     In addition to the effect of the Final Judgment entered in accordance with this Settlement Agreement, upon the Effective Date, and for other valuable consideration as described herein, the Released Parties shall be fully, finally, and completely released, relinquished, acquitted, and forever discharged from any and all Released Claims.

72. As of the Effective Date, and with the approval of the Court, all Releasors hereby fully, finally, and forever release, waive, discharge, surrender, forego, give up, abandon, and cancel any and all Released Claims against the Released Parties. As of the Effective Date, all Releasors will be forever barred and enjoined from prosecuting any action against the Released Parties asserting any and/or all Released Claims.

**J. NO TERMINATION OF THE SETTLEMENT WITHOUT CONTINUED GOOD FAITH NEGOTIATION**

73. In the unlikely event that the Court does not grant preliminary or final approval or makes material modifications to the terms of the Settlement Agreement or if the Court of Appeals reverses final judgment and/or makes material modifications to the Settlement Agreement, the Parties shall work together in good faith to address these changes or concerns.

74. Only after both Parties agree that they have fully exhausted such efforts will this Settlement Agreement become null and void. The Settlement Administrator shall promptly return to Defendant and/or its insurer the amounts they paid into the Settlement Fund, less any Administrative Fees to date. The Parties, pleadings, and proceedings will return to the *status quo ante* as if no settlement had been negotiated or entered into, and the Parties will negotiate in good faith to establish a new schedule for the Action.

**K. MISCELLANEOUS REPRESENTATIONS**

75. In lieu of injunctive relief, Defendant shall provide a declaration to Class Counsel attesting to the date it came into compliance with BIPA, inclusive of a copy of its BIPA policy and form of written consent document.

76. The Parties agree that the Settlement Agreement provides fair, equitable, and just compensation for any given Settlement Class Member related to the Released Claims.

77. The Parties (a) acknowledge that it is their intent to consummate this Settlement

Agreement, and (b) agree, subject to their respective legal obligations, to cooperate in good faith to the extent reasonably necessary to effectuate and implement all terms and conditions of this Settlement Agreement and to exercise their reasonable best efforts to accomplish the terms and conditions of this Settlement Agreement. Class Counsel and Defendant's Counsel agree to cooperate with each other in seeking Court approval of the Preliminary Approval Order, the Settlement Agreement, and the Final Approval Order, and promptly to agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Settlement Agreement.

78.     The Parties intend this Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Released Claims by Plaintiff and the Settlement Class and other Releasors, and each or any of them, on the one hand, against the Released Parties, on the other hand.

79.     The Parties have relied upon the advice and representation of counsel, selected by them, concerning their respective legal liability for the claims hereby released. The Parties have read and understand fully this Settlement Agreement, including its exhibit, and have been fully advised as to the legal effect thereof by counsel of their own selection and intend to be legally bound by the same.

80.     Paragraph titles and headings are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Settlement Agreement or any of its provisions. Each term of this Settlement Agreement is contractual and not merely a recital.

81.     The waiver by one Party of any breach of this Settlement Agreement by any other Party shall not be deemed as a waiver of any prior or subsequent breach of this Settlement

Agreement.

82.     This Settlement Agreement and its exhibit set forth the entire agreement and understanding of the Parties with respect to the matters set forth herein, and supersede all prior negotiations, agreements, arrangements, and undertakings with respect to the matters set forth herein. No representations, warranties, or inducements have been made to any Party concerning this Agreement or its exhibit other than the representations, warranties, and covenants contained and memorialized in such documents.

83.     This Settlement Agreement may not be amended, modified, altered, or otherwise changed in any material manner except by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

84.     The Parties agree the exhibit to this Settlement Agreement is material and an integral part thereof and is fully incorporated herein by this reference.

85.     The Parties may agree, subject to the approval of the Court where required, to reasonable extensions of time to carry out the provisions of the Settlement Agreement.

86.     The Parties represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any claims, causes of actions, demands, rights, and liabilities of every nature and description released under this Settlement Agreement.

87.     Each Party represents that it has obtained the requisite authority to enter into this Settlement Agreement in a manner that binds such Party to its terms.

88.     Defendant, while continuing to deny all allegations of wrongdoing and disclaiming all liability with respect to all claims, considers it desirable to resolve the Action on the terms stated herein to avoid further expense, inconvenience and burden, and therefore has determined

that this Settlement on the terms set forth herein is in Defendant's best interests. Neither the Settlement Agreement nor any actions taken to carry out the Settlement are intended to be, nor may they be deemed or construed to be, an admission or concession of liability, or of the validity of any claim, defense, or of any point of fact or law on the part of any Party. Defendant denies the material allegations of the Second Amended Class Action Complaint. Neither the Settlement Agreement, nor the fact of settlement, nor settlement proceedings, nor the settlement negotiations, nor any related document, shall be used as an admission of any fault or omission by Defendant, or be offered or received in evidence as an admission, concession, presumption, or inference of any wrongdoing by Defendant in any proceeding.

89.     Except in accordance with Paragraph 90 of this Agreement, this Settlement Agreement, whether approved or not approved, revoked, or made ineffective for any reason, and any proceedings related to this Settlement Agreement and any discussions relating thereto, the Parties specifically acknowledge, agree, and admit that this Settlement Agreement and its exhibit, along with all related drafts, motions, pleadings, conversations, negotiations, correspondence, orders, or other documents shall be considered a compromise within the meaning of Federal Rule of Evidence 408, and any other equivalent or similar rule of evidence, and shall not (a) constitute, be construed, be offered, or received into evidence as an admission of any kind, including but not limited to any negligent, reckless, or illegal action or omission or other wrongdoing, the appropriateness of class certification, the validity of any claim or defense, or the truth of any fact alleged or other allegation in the Action or in any other pending or subsequently filed action, or of any wrongdoing, fault, violation of law, or liability of any kind on the part of any Party, or (b) be used to establish a waiver of any defense or right, or to establish or contest jurisdiction or venue.

90.     The provisions of this Settlement Agreement, and any orders, pleadings, or other

documents entered in furtherance of this Settlement Agreement, may be offered or received in evidence solely: (a) to enforce the terms and provisions hereof or thereof; (b) as may be specifically authorized by a court of competent jurisdiction after an adversarial hearing upon application of a Party hereto; (c) in order to establish payment hereunder, or an affirmative defense of preclusion or bar in a subsequent case; (d) in connection with any motion to enjoin, stay, or dismiss any other action; or (e) to obtain Court approval and/or the enforcement of the Settlement Agreement.

91.     This Settlement Agreement may be executed in one or more counterparts by facsimile or other electronic means, including DocuSign and/or portable document format ("PDF"), and exchanged by hand, messenger, or PDF as an electronic mail attachment, and any such signature exchanged shall be deemed an original signature for purposes of this Settlement Agreement. All executed counterparts and each of them shall be deemed to be one and the same instrument, provided that counsel for the Parties to this Settlement Agreement all exchange signed counterparts.

92.     This Settlement Agreement shall be governed by and construed in accordance with the laws of the state of Illinois. The Court shall retain jurisdiction over the interpretation, implementation, and enforcement of this Settlement Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Settlement Agreement and of the settlement contemplated thereby. Any dispute or controversies arising with respect to the interpretation, enforcement, or implementation of the Settlement Agreement, if they cannot be resolved by the Parties in the first instance, shall be presented by motion to the Court. The Parties agree that the Court shall retain jurisdiction for enforcement of the Settlement Agreement.

93.     This Settlement Agreement is deemed to have been prepared by counsel for the Parties as a result of arms-length negotiations among the Parties. Whereas all Parties have

contributed substantially and materially to the preparation of this Settlement Agreement and its exhibit, it shall not be construed more strictly against one Party than another.

94.     Unless otherwise specifically provided, all notices, demands, or other communications in connection with this Settlement Agreement shall be in writing and shall be sent by electronic mail or hand delivery, postage prepaid, as follows:

To Class Counsel:

Ryan F. Stephan (rstephan@stephanzouras.com)
James B. Zouras (jzouras@stephanzouras.com)
Andrew C. Ficzko (aficzko@stephanzouras.com)
**Stephan Zouras, LLC**
222 West Adams Street, Suite 2020
Chicago, Illinois 60606

To Defendant's Counsel:

Melissa A. Siebert (msiebert@cozen.com)
Erin Bolan Hines (ebolanhines@cozen.com)
**Cozen O'Connor**
123 North Wacker Drive, Suite 1800
Chicago, Illinois 60606

Max E. Kaplan (mkaplan@cozen.com)
**Cozen O'Connor**
1650 Market Street, Suite 2800
Philadelphia, Pennsylvania 19103

95.     This Settlement Agreement shall be deemed executed as of the date that the last party signatory signs the Settlement Agreement.

IN WITNESS WHEREOF, the undersigned duly executed this Settlement Agreement as of the date indicated below:

**LATRINA COTHRON**

By: _Latrina Cothron_
_____
Latrina Cothron, Plaintiff

DocuSign Envelope ID: 88ED9275-CB20-4583-9A36-CA5B3EE18F77

Date: 4/19/2024 _____

**WHITE CASTLE SYSTEM, INC. d/b/a WHITE CASTLE**

By: _____

Name: Anthony Joseph _____

Title: CAO & General Counsel _____

Date: April 23, 2024 _____

# EXHIBIT A

## <u>NOTICE OF PROPOSED CLASS ACTION SETTLEMENT</u>

*Cothron v. White Castle System, Inc. d/b/a White Castle*, Case No. 1:19-cv-00382
United States District Court for the Northern District of Illinois

**PLEASE READ THIS NOTICE CAREFULLY. YOU MAY BE ENTITLED TO A CASH PAYMENT FROM A CLASS ACTION SETTLEMENT IF YOU USED A FINGER-SCANNING DEVICE DURING THE COURSE OF YOUR EMPLOYMENT WITH WHITE CASTLE AT ANY TIME BETWEEN DECEMBER 6 2013, TO OCTOBER 15, 2018.**

*This is a court-authorized notice of a proposed class action settlement. This is <u>not</u> a solicitation from a lawyer and is <u>not</u> notice of a lawsuit against you.*

**WHY DID I GET THIS NOTICE?**
This is a court-authorized notice of a proposed Settlement in a class action lawsuit, *Cothron v. White Castle System, Inc. d/b/a White Castle*, Case No. 1:19-cv-00382, pending in the United States District Court for the Northern District of Illinois. The Settlement would resolve a lawsuit brought on behalf of persons who allege that White Castle System, Inc. d/b/a White Castle ("Defendant" or "White Castle") collected, captured, otherwise obtained, used, received, converted, maintained, stored, shared, disseminated, or disclosed workers' biometric identifier(s) and/or biometric information in violation of the Illinois Biometric Information Privacy Act ("BIPA"). Defendant contests these claims and denies that it violated BIPA. If you received this Notice, you have been identified as a member of the Settlement Class. The Court has granted preliminary approval of the Settlement and has conditionally certified the Settlement Class for purposes of Settlement only. This Notice explains the nature of the class action lawsuit, the terms of the Settlement, and the legal rights and obligations of the Settlement Class Members. Please read the instructions and explanations below so that you can better understand your legal rights.

**WHAT IS THIS LAWSUIT ABOUT?**
The Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, et seq., prohibits private companies from capturing, obtaining, storing, transferring, and/or using the biometric identifiers and/or information, such as fingerprints, of an individual for any purpose without first providing such individual with certain written disclosures and obtaining written consent. This lawsuit alleges that Defendant violated BIPA by requiring workers to scan their fingerprint on a biometric finger-scanning device during the course of their employment for such purposes including, but not necessarily limited to, accessing White Castle's computer system and necessary documents while working between December 6, 2013 to October 15, 2018, without first providing the requisite disclosures or obtaining the requisite consent. Defendant contests these claims and denies that it violated BIPA.

**WHY IS THIS A CLASS ACTION?**
A class action is a lawsuit in which an individual called a "Class Representative" brings a single lawsuit on behalf of other people who have similar claims. All of these people together are a "Class" or "Class Members." Once a class is certified, a class action settlement finally approved by the Court resolves the issues for all Settlement Class Members, except for those who exclude themselves from the Settlement Class.

**WHY IS THERE A SETTLEMENT?**
To resolve this matter now without further expense, delay, and uncertainties of litigation, the Parties have reached a Settlement, which resolves all claims against Defendant. The Settlement requires Defendant to

pay money to the Settlement Class, as well as pay settlement administration expenses, attorneys' fees and costs to Class Counsel, and an incentive award to the Class Representative, if approved by the Court. The Settlement is not an admission of wrongdoing by Defendant and does not imply that there has been, or would be, any finding that Defendant violated the law.

The Court has already preliminarily approved the Settlement. Nevertheless, because the settlement of a class action determines the rights of all members of the class, the Court overseeing this lawsuit must give final approval to the Settlement before it can be effective. The Court has conditionally certified the Settlement Class for settlement purposes only, so that members of the Settlement Class can be given this Notice and the opportunity to exclude themselves from the Settlement Class, and to voice their support or opposition to final approval of the Settlement. If the Court does not give final approval to the Settlement, or if it is terminated by the Parties, the Settlement will be void, and the lawsuit will proceed as if there had been no settlement and no certification of the Settlement Class.

### WHO IS IN THE SETTLEMENT CLASS?
You are a member of the Settlement Class if you are working or worked for White Castle System, Inc. in the State of Illinois and used a finger-scanning device in the course of your employment without first executing White Castle's Biometric Information Privacy Team Member Consent Form from December 6, 2013 to October 15, 2018.

You will be considered a member of the Settlement Class unless you properly execute and file a timely request for exclusion from the Class as explained below.

### WHAT ARE MY OPTIONS?
**(1) Accept the Settlement**.
To accept the Settlement, you do not need to do anything. If you are receiving this Notice, you are currently considered a member of the Settlement Class and will continue to be unless you exclude yourself from the Settlement.

**(2) Exclude yourself**.
You may exclude yourself from the Settlement. If you do so, you will not receive any cash payment, but you will not release any claims you may have against Defendant and the other Released Parties (as that term is defined in the Settlement Agreement) and are free to pursue whatever legal rights you may have by filing your own lawsuit against Defendant at your own risk and expense. To exclude yourself from the Settlement, you must send a written request for exclusion to the Settlement Administrator providing your name, address, and telephone number; the name and number of this case; a statement that you wish to be excluded from the Settlement Class; and your signature, postmarked by **[EXCLUSION DEADLINE]** to **[ADMINISTRATOR ADDRESS]**. A request to be excluded that is sent to an address other than that designated in this Notice, or that is not postmarked within the time specified, shall be invalid and you shall be considered a member of the Settlement Class and shall be bound as a Settlement Class Member by the Settlement Agreement, if approved by the Court.

**(3) Object to the Settlement**.
If you wish to object to the Settlement, you must submit your objection in writing to Courtroom XX, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604, specifying *Cothron v. White Castle System, Inc. d/b/a White Castle*, Case No.1:19-cv-00382. The objection must be filed with the Court no later than **[OBJECTION DEADLINE]**. You must also send a copy of your objection to the attorneys for all Parties to the lawsuit, including Class Counsel (address below), as well as the attorneys representing Defendant (Melissa A. Siebert and Erin Bolan Hines, Cozen O'Connor, 123

North Wacker Drive, Suite 1800, Chicago, Illinois 60606 and Max E. Kaplan, Cozen O'Connor, 1650 Market Street, Suite 2800, Philadelphia, Pennsylvania, 19103), postmarked no later than **[OBJECTION DEADLINE]**. Any objection to the proposed Settlement must include your: (i) full name, address, telephone number, and email address; (ii) the case name and number of this lawsuit; (iii) all grounds for the objection, with factual and legal support for the stated objection, including any supporting materials; (iv) the identification of any other objections you have filed, or have had filed on your behalf, in any other class action cases; and (v) your signature. If you hire an attorney in connection with making an objection, that attorney must also file with the Court a notice of appearance by the objection deadline of **[OBJECTION DEADLINE].** If you do hire your own attorney, you will be solely responsible for payment of any fees and expenses the attorney incurs on your behalf. If you exclude yourself from the Settlement, you cannot file an objection.

You may appear at the Final Approval Hearing, which will be held on **[FINAL HEARING DATE AND TIME]**, in the Court's discretion via telephonic hearing by dialing XX and entering conference code XX, or in Courtroom XX, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604, in person or through counsel to show cause of why the proposed Settlement should not be approved as fair, reasonable, and adequate. Attendance at the hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the Settlement, the request for attorneys' fees and expenses, and/or the request for an incentive award to the Class Representative are required to indicate in their written objection their intention to appear at the hearing on their own behalf or through counsel and to identify the names of any witnesses they intend to call to testify at the Final Approval Hearing, as well as any exhibits they intend to introduce at the Final Approval Hearing, which must also be attached to, or included with, the written objection.

## WHAT DOES THE SETTLEMENT PROVIDE?
**Cash Payments.** Defendant has agreed to create a Settlement Fund for the Class Members in the amount of $9,394,440.00. All Settlement Class Members are entitled to receive a payment out of the Settlement Fund. If the Settlement is approved, each Settlement Class Member will be entitled to a gross payment of $968.00 out of the Settlement Fund, less deductions for settlement administration costs, attorneys' fees and costs, and an incentive award to the Class Representative, or a net payment of approximately $XX. The Settlement Administrator will issue a check to each Class Member following the final approval of the Settlement. All checks issued to Settlement Class Members will expire and become void 150 days after they are issued. Additionally, the attorneys who brought this lawsuit (listed below) will ask the Court to award them attorneys' fees of up to 37.5% of the Settlement Fund, plus reasonable costs, for the substantial time, expense and effort expended in investigating the facts, litigating the case, including before the Illinois Supreme Court, and negotiating the Settlement. The Class Representative also will apply to the Court for a payment of up to $7,500.00 for her time, effort, and service to the Class in this matter.

## WHAT RIGHTS AM I GIVING UP IN THIS SETTLEMENT?
Unless you exclude yourself from this Settlement, you will be considered a member of the Settlement Class, which means you give up your right to file or continue a lawsuit for all claims related in any way to information that is or could be protected under the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 *et seq.*, against Defendant and relating to the finger-scanning devices used at and by White Castle in the state of Illinois (the "Released Claims"). Giving up your legal claims is called a release. The precise terms of the release are in the Settlement Agreement. Unless you formally exclude yourself from this Settlement, you will release your claims. If you have any questions, you can talk for free to the attorneys identified below who have been appointed by the Court to represent the Settlement Class, or you are welcome to talk to any other lawyer of your choosing at your own expense.

3

**WHEN WILL I BE PAID?**

The Parties cannot predict exactly when (or whether) the Court will give final approval to the Settlement. However, if the Court finally approves the Settlement, you will be paid as soon as possible after the Court order becomes final, which should occur within approximately 14 days after the Settlement has been finally approved. If there is an appeal of the Settlement, payment may be delayed. Updated information about the case can be obtained through Class Counsel at the information provided below or on the settlement website at XX.

**WHEN WILL THE COURT RULE ON THE SETTLEMENT?**

The Court has already given preliminary approval to the Settlement. A final hearing on the Settlement, called a Final Approval Hearing, will be held to determine the fairness of the Settlement. At the Final Approval Hearing, the Court will also consider whether to make final the certification of the Class for settlement purposes, hear any proper objections and arguments to the Settlement, as well as any requests for an award of attorneys' fees, costs, and expenses and  Class Representative's incentive award that may be sought by Class Counsel. The Court will hold the Final Approval Hearing on **[FINAL APPROVAL DATE / TIME]** in the Court's discretion via telephonic hearing by dialing XX and entering conference code XX, or Courtroom XX, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604.

If the Settlement is given final approval, the Court will not make any determination as to the merits of the claims against Defendant or its defenses to those claims. Instead, the Settlement's terms will take effect and the lawsuit will be dismissed on the merits with prejudice. Both sides have agreed to the Settlement in order to achieve a resolution to the lawsuit in a manner that provides specific and valuable benefits to the members of the Settlement Class.

If the Court does not approve the Settlement, if it approves the Settlement and the approval is reversed on appeal, or if the Settlement does not become final for some other reason, you will not be paid at this time and Class Members will receive no benefits from the Settlement. Plaintiff, Defendant, and all of the Class Members will be in the same position as they were prior to the execution of the Settlement, and the Settlement will have no legal effect, no class will remain certified (conditionally or otherwise), and the Plaintiff and Defendant will continue to litigate the lawsuit. There can be no assurance that if the Settlement is not approved, the Settlement Class will recover more than is provided in the Settlement, or indeed, anything at all.

**WHO REPRESENTS THE CLASS?**

The Court has approved the following attorneys to represent the Settlement Class. They are called "Class Counsel." You will not be charged for these lawyers. If you want to be represented by your own lawyer instead, you may hire one at your own expense.

Ryan F. Stephan, James B. Zouras, and Andrew C. Ficzko
Stephan Zouras, LLC
222 West Adams Street, Suite 2020, Chicago, Illinois 60606
T: 312.233.1550 | F: 312.233.1560 | E: lawyers@stephanzouras.com

**WHERE CAN I GET ADDITIONAL INFORMATION?**

This Notice is only a summary of the proposed Settlement of this lawsuit. More details are in the Settlement Agreement which, along with other documents, can be obtained by contacting Class Counsel or the

Settlement Administrator, information provided below. Information is also available regarding this lawsuit at **[insert weblink created by Settlement Administrator]**. If you have any questions, you can also contact Class Counsel at the number or email address set forth above. In addition, all pleadings and documents filed in court may be reviewed or copied in the Office of the Clerk. **Please do not call the Judge or the Clerk of the Court about this case. They will not be able to give you advice on your options.**

Settlement Administrator contact information